211 So.2d 847 (1968)
Mrs. Helen Ackerman MERVIS, Samuel I. Rosenberg and Celia Mervis
v.
Mary Etta WOLVERTON.
No. 44920.
Supreme Court of Mississippi.
May 27, 1968.
Rehearing Denied July 8, 1968.
M.M. Roberts, Hattiesburg, for appellants.
Sam Hooper Gammill, Zachary & Weldy, Hattiesburg, for appellee.
PATTERSON, Justice.
This is an appeal from a judgment of the Circuit Court of Forrest County wherein a default judgment was entered against Mrs. Helen Ackerman Mervis and Samuel I. Rosenberg, testamentary executors of the estate of Leo Mervis, deceased, and Celia Mervis, doing business as Housecraft, a Louisiana partnership. The joint and several judgment, including both actual and punitive damages, is in the sum of $10,000. The defendants made no appearance during the term of court in which the judgment was entered, this appeal being perfected after its expiration. The record consists solely of pleadings and judgments in the cause.
On appeal to this Court the defendants contend that the court did not have jurisdiction to enter a judgment against them as they were not properly served with process and the court was without authority to award a judgment including punitive damages against the estate of a decedent.
We do not pass upon the question of the service of process under Mississippi Code 1942 Annotated section 1437 (Supp. 1966), relating to service of process upon nonresident defendants, as the appellants have entered their appearance by this appeal in that they challenge not only the service of process upon them, but also the general authority of the court to enter the judgment as entered.
The original declaration designated Leo Mervis and Celia Mervis as nonresidents of the state of Mississippi, residing in the state of Louisiana, and doing business therein as partners under the partnership name *848 of Housecraft, located at 3601 Pine Street, New Orleans, Louisiana. Subsequent to the filing of this declaration Leo Mervis died and a revived declaration was filed against Mrs. Helen Ackerman Mervis and Samuel I. Rosenberg, testamentary executors of the estate of Leo Mervis, and Celia Mervis, doing business as Housecraft, a Louisiana partnership.
The interlocutory judgment granting the writ of inquiry awarded to the plaintiff the right to an assessment of damages, both actual and punitive, by the court. This interlocutory judgment was followed by a final judgment which, on its face, awarded to the plaintiff a judgment in the sum of $10,000 for both actual and punitive damages. This was patent error. Mississippi Code 1942 Annotated section 610 (1956), prohibits the award of vindictive damages against an estate of a decedent. It is as follows:
When any decedent shall in his lifetime have committed any trespass, the person injured, or his executor or administrator, shall have the same action against the executor or administrator of the decedent as he might have had or maintained against the testator or intestate and shall have like remedy as in other actions against executors and administrators; but vindictive damages shall not be allowed, and such action shall be commenced within one year after publication of notice to creditors to probate and register their claims. (Emphasis added.)
This Court in Hewlett v. George, 68 Miss. 702, 710, 9 So. 885, 887, 13 L.R.A. 682 (1891), had this to say in regard to punitive damages being awarded against a decedent:
The action of the court, in its instructions, in excluding from the consideration of the jury the question of punitory damages, is also assigned for error. On this point it will be sufficient to say that at common law the action would have been abated upon the death of the defendant, and no recovery could have been had against her representative. The doctrine was that for a personal wrong the offender could not be followed into the grave, and the dead be visited with punishment. Our statutes have modified the common law to the extent of permitting a recovery against the representative of the deceased wrong-doer to an amount sufficient to compensate for the actual damage sustained by the injured party; but the realm of the dead is not invaded, and punishment visited upon the dead.
We are of the opinion the award of punitive damages was error and requires the cause to be reversed and remanded for appropriate proceedings. The defendants and each of them having now entered their appearance by this appeal, are subject to the mandate of this Court and to the jurisdiction of the Circuit Court of Forrest County upon remand.
Reversed and remanded.
GILLESPIE, P.J., and RODGERS, JONES, and ROBERTSON, JJ., concur.