STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant,

v.

Jerry DAUGHDRILL and Helen B. Daughdrill, Defendants-Appellees.

No. 82–4256.

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1983.

Carter O. Bise, James N. Compton, Biloxi, Miss., for plaintiff-appellant.

C. R. McRae, Pascagoula, Miss., for defendants-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The appeal in this diversity case presents important issues of Mississippi state law that are particularly appropriate for consideration by the Mississippi Supreme Court. It requires resolution of the question whether the uninsured motorist coverage of an automobile liability policy, provided pursuant to the Mississippi Uninsured Motorist Coverage Statute, Miss.Code Ann. § 83–11–101 (Supp.1982) (the Act), allows an insured to exact punitive damages that the insured would be legally entitled to recover from the uninsured tortfeasor.

The facts, about which there appears to be no dispute, are as follows:

Helen Daughdrill had an automobile liability policy issued by State Farm Mutual Automobile Insurance Company. While she was driving the insured vehicle, she was struck from the rear by an uninsured driver. The uninsured motorist coverage provision in the State Farm policy read: "We will pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.*" Section III(B) (emphasis in text). State Farm offered to pay her personal injury and property damages, but not punitive damages. When Daughdrill refused to settle for actual damages, State Farm filed this declaratory judgment action, seeking a determination that it was not liable to Daughdrill for punitive damages.

After Daughdrill filed a motion to dismiss for lack of diversity and failure to meet the jurisdictional amount, State Farm countered with a motion for summary judgment. The district court, following a hearing, denied both motions. In a memorandum opinion, the court agreed that there were no outstanding issues of material fact, and that, as a matter of law, State Farm was not entitled to judgment. Noting the Mississippi Supreme Court's recent decision that automobile liability insurance extends to punitive damages awarded against an insured, *Anthony v. Frith,* 394 So.2d 867 (Miss.1981), the court found no reason to distinguish between the coverage for public liability and that for damages caused by an uninsured motorist. Moreover, the Act "allows and authorizes punitive damages ...." The court then dismissed this action *sua sponte* on the ground that its orders resolved all pending issues in the case.

State Farm contends that the language of the Act, like the language of its policy, "speaks only to actual compensatory damages." The Act requires automobile liability insurance policies to contain endorsements undertaking "to pay the insured all sums which he shall be legally entitled to recover as damages *for* bodily injury or death" and "*for* property damage from the owner or operator of an uninsured motor vehicle, within limits ... set forth in the Mississippi Motor Vehicle Safety Responsibility Law ...." Miss.Code Ann. § 83–11–101 (Supp.1982) (emphasis added).

So far as we can determine, neither the Mississippi Supreme Court nor any Mississippi appellate court has decided the question presented by this case. Because the question is significant, it should be certified

to the Mississippi Supreme Court pursuant to Miss.Sup.Ct.R. 46.[1] The issue to be certified might be phrased as follows:

Does the uninsured motorist coverage provision of an automobile liability policy issued to a person resident in Mississippi cover punitive damages that the insured would be entitled to collect from the uninsured motorist?

With the understanding that the Mississippi Supreme Court is not restricted by our articulation of the question, *Martinez v. Rodriguez,* 394 F.2d 156, 159 n. 6 (1968), we shall seek its assistance and guidance. Following our customary practice we request counsel to submit to us a joint statement of facts and proposed agreed certificate of the question(s). *See West v. Caterpillar Tractor Co.,* 504 F.2d 967 (5th Cir.1974). The parties may also wish to file supplemental briefs comparing, for example, *Lipscombe v. Security Ins. Co. of Hartford,* 213 Va. 81, 189 S.E.2d 320 (1972), arising under Va. Code § 38.1–381(b), which requires insurance policies to contain "provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle," 189 S.E.2d at 323; *Home Indemnity Co. v. Tyler,* 522 S.W.2d 594, 597 (Tex.Ct.Civ.App.1975), arising under Texas Rev.Civ.Stat.Ann., art. 6701h, § 21(b)(2) (Vernon Supp.1975), which directs an insurer "to pay all sums which which the insured ... shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile ...."; and our statement in *Northwestern Nat'l Casualty Co. v. McNulty,* 307 F.2d 432, 440 (5th Cir.1962), that "there is no point in punishing the insurance company; it has done no wrong."

The parties shall meet promptly and shall file their report, accompanied by supplemental briefs, if any, within thirty days. To the extent they deem it appropriate, they may rely upon any portion of this opinion.

1. Miss.Sup.Ct.R. 46 provides as follows:

When it appears to the Supreme Court of the United States, or to any circuit court of appeal of the United States, that there are involved in any proceedings before it questions or propositions of law of this state which are determinative of said cause independently of any other questions involved in said case and that there are no clear controlling precedents in the decisions of the Supreme Court of this state, such federal court before rendering a decision may certify such questions or propositions of law of this state to the Supreme Court of Mississippi for rendition of a judgment or opinion concerning such questions or propositions of Mississippi law. This court may in its discretion, decline to answer the questions certified to it.