**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Plaintiff-Appellant,

v.

**Jerry DAUGHDRILL and Helen B. Daughdrill, Defendants-Appellees.**

No. 82–4256

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 4, 1983.

Carter O. Bise, James N. Compton, Biloxi, Miss., for plaintiff-appellant.

C.R. McRae, Pascagoula, Miss., for defendants-appellees.

Before RUBIN, JOHNSON, and WILLIAMS, Circuit Judges.

PER CURIAM:

Helen and Jerry Daughdrill had two automobile policies of insurance issued by State Farm Mutual Automobile Insurance Company insuring their 1979 Aspen automobile. Under the Uninsured Motorist Endorsement of the first policy, the insureds were afforded bodily injury coverage in an amount not to exceed $25,000 per person, or $50,000 per accident, and property damage coverage in an amount not to exceed $5,000 per accident. The Uninsured Motorist Endorsement stated that State Farm would "pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*." Section III(B) (emphasis in text). A copy of the policy is attached hereto as Exhibit "A". While both policies would aggregate, or "stack," the inclusion of the other policy here is not necessary for a resolution of the issue of coverage.

On February 14, 1981, in Pascagoula, Mississippi, while driving the vehicle covered by the insurance policies, Helen B. Daughdrill was struck from the rear by an automobile owned and operated by an uninsured motorist, Audie Hacker. As a result of this accident, she suffered personal injuries as well as property damage to her vehicle.

Subsequent investigation revealed that Audie Hacker (1) was legally intoxicated at the time of the accident and (2) was operating his vehicle without a valid drivers license due to a prior conviction for driving while under the influence of alcohol.

After this accident, the Daughdrills demanded from State Farm both actual and punitive damages under the Uninsured Motorist Endorsement. State Farm offered to pay $2,000 as actual damages conditional on receiving a full release. That offer was refused by the Daughdrills. State Farm then filed its declaratory judgment action seeking a determination whether either the Uninsured Motorist Act or the subject policy required payment of punitive damages.

Contending that there was no genuine issue of material fact, State Farm filed its motion for summary judgment. The United States District Court for the Southern District of Mississippi, the Honorable Dan M. Russell presiding, overruled State Farm's motion for summary judgment, holding that punitive damages were included as recoverable damages under the Mississippi Uninsured Motorist Act. He then dismissed the Complaint for Declaratory Judgment action *sua sponte* as the Court had answered the question to be determined by the Complaint.

From this determination, State Farm filed its notice of appeal. We found that "this diversity case presents important issues of Mississippi state law," and that "[b]ecause the question is significant, it should be certified to the Mississippi Supreme Court, pursuant to Miss.Sup.Ct.R. 46." *State Farm Mut. Auto. Ins. Co. v. Daughdrill,* 695 F.2d 141, 142–43 (5th Cir. 1983).[1]

## CERTIFICATE FROM

## THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

## TO THE SUPREME COURT OF MISSISSIPPI,

## PURSUANT TO RULE 46, MISSISSIPPI SUPREME COURT RULES

## TO THE SUPREME COURT OF MISSISSIPPI

## AND THE HONORABLE JUSTICES THEREOF

### I. STYLE OF THE CASE

The style of the case in which this certificate is made is *State Farm Mutual Automobile Insurance Company,* Plaintiff-Appellant, versus *Jerry Daughdrill and Helen B. Daughdrill,* Defendants-Appellees, Case No. 82–4256, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Mississippi, Southern Division.

### II. QUESTIONS FOR THE SUPREME COURT OF MISSISSIPPI

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled diversity case in this Court involves questions or propositions of law particularly appropriate for resolution by the Supreme Court of Mississippi. There appears to be no precedent in the decisions of the Supreme Court of Mississippi that is controlling.

Under these circumstances, the United States Court of Appeals for the Fifth Circuit hereby certifies the following questions of law to the Supreme Court of Mississippi for instructions based upon the facts recited, pursuant to Miss.Sup.Ct.R. 46:

A. Does the Unisured Motorist Act [Miss.Code Ann. §§ 83–11–101 et seq. (Supp.1982)] require that the uninsured motorist coverage provision of an automobile liability policy cover punitive damages that the insured would be legally entitled to collect from the uninsured motorist?

B. Does the Uninsured Motorist Endorsement of the subject policy require that the insurer pay any punitive damages assessed against the uninsured motorist, not to exceed the aggregated policy limitations of coverage?

QUESTIONS CERTIFIED.

---

1. In the meantime, the Daughdrills' Complaint for gross negligence against Audie Hacker and State Farm Mutual Automobile Insurance Company proceeded before the Circuit Court of Jackson County, Mississippi, as cause number 11,893, styled: "Helen B. Daughdrill v. State Farm Mutual Automobile Insurance Company et al." The Daughdrills filed a Motion for Partial Summary Judgment, and on January 27, 1983, the Circuit Court of Jackson County, Mississippi, Honorable Robert T. Mills presiding granted the motion, finding punitive damages were covered by the policy, concurring with Judge Dan M. Russell. A copy of the Order sustaining Helen Daughdrill's Motion for Partial Summary Judgment is attached, marked Exhibit "B".

72

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

HELEN B. DAUGHDRILL PLAINTIFF

VERSUS NO. 11,893

STATE FARM MUTUAL AUTOMOBILE DEFENDANTS
INSURANCE COMPANY, JOHN KORNEGAY,
AUDIE HACKER, CARL NULTA, AND
TY GIBBS

## ORDER SUSTAINING MOTION FOR PARTIAL SUMMARY JUDGMENT

On this day, this cause came on for hearing on the Motion of the Plaintiff for a partial summary judgment as to the Defendant, State Farm Mutual Automobile Insurance Company, on the issue as to whether or not the said Defendant would be liable under uninsured motorists section under the two policies of insurance in question for punitive damages, if any, that may be assessed by the jury against the uninsured motorist, Audie Hacker, one of the Defendants herein, and the court having heard and considered the evidence of State Farm's policies and claims manual dealing with uninsured motorist and liability coverages and procedures on file, and considered said Motion, together with argument of counsel, does find that the said Motion should be sustained, and the court finds that the Defendant, State Farm Mutual Automobile Insurance Company, will be liable under uninsured motorist section under the two policies in question for punitive damages, if any, that may be assessed by a jury against the uninsured motorist, Audie Hacker, up to the limits of said coverage for uninsured motorist benefits.

IT IS, THEREFORE, ORDERED and ADJUDGED that the said Motion for Partial Summary Judgment be, and the same is hereby, sustained upon the issue as set forth hereinabove.

SO ORDERED and ADJUDGED on this the 27th day of January, 1983.

/s/Robert T. Mills
CIRCUIT COURT JUDGE

APPROVED AS TO FORM:

/s/ C.R. McRAE

C.R. McRAE

Attorney for Plaintiff

BRYAN, NELSON, ALLEN,

SCHROEDER & BACKSTROM

Attorneys for Defendant,

State Farm Mutual Auto. Ins. Co.

BY: /s/James W. Backstrom

JAMES W. BACKSTROM

STATE OF MISSISSIPPI

COUNTY OF JACKSON

I, JOE W. MARTIN, JR., Clerk of the Circuit Court, in and for said County and State the same being a Court of Record, having a seal, do hereby officially certify that I am the proper custodian of all the books, papers, records, files and documents of said Court and of the Seal thereof, and that the foregoing is a full, true and complete copy of ORDER SUSTAINING MOTION FOR PARTIAL SUMMARY JUDGMENT, Cause No. 11,893

HELEN B. DAUGHDRILL

VS.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, JOHN KORNEGAY, AUDIE HACKER, CARL NULTA, AND TY GIBBS

Recorded __January 28__, 19_83_, as full, true and complete as the same now appears of record in Book No. ___48___, at page ____549–550____ of the records of Jackson County Circuit Court Minutes, Jackson County, MS

in my said office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court at my office in Pascagoula in said County and State on this the ___10th___ day of __February__, A.D., 19_83_.

(SEAL)

_____
Clerk, Circuit Court, Jackson County, Mississippi

My Commission Expires 1 Jan., _1983_

By _____ D.C.

**74**

JUDGE'S AND CLERK'S CERTIFICATE.

STATE OF MISSISSIPPI

COUNTY OF ____Jackson_____

I, _____Clinton E. Lockard_____, Judge of the ____Circuit_____ Court of _____Jackson_____ County, said State, do hereby certify that ____Joe W. Martin, Jr._____, whose name is subscribed to the above and foregoing certificate of attestation, now is, and was at the time of signing and sealing the same, the Clerk of the Circuit Court of _____Jackson_____ County, and keeper of the records and seal thereof, duly elected and qualified to office; that full faith and credit are, and of right ought to be, attached to all his official acts, as such, in all courts of record and elsewhere, and further that his said attestation is in due form of law, and by the proper officer.

Given under my hand, this ___10th_____ day of ____February_____, 19_83_.

_____
Judge of ____Circuit_____ Court of
_____Jackson_____ County, Mississippi,
_____Nineteenth_____ Judicial District.

STATE OF MISSISSIPPI

COUNTY OF __Jackson_____

I, _____Joe W. Martin, Jr._____, Clerk of the Circuit Court of _____Jackson_____ County, do hereby certify that ____Clinton E. Lockard____ _____, whose name is subscribed to the foregoing certificate of attestation now is, and was, at the time of signing the same, Judge of said ____Circuit_____ Court, and was duly elected, commissioned, and qualified to office; that full faith and credit are, and of right ought to be, given to all his official acts as such, in all courts of record and elsewhere, and that his attestation is in due form of law, and by the proper officer.

Given under my hand the seal of said court, at ____Pascagoula, MS._____ in said county, this __10th____ day of ____February_____, A.D. 19_83_.

_____
Circuit Clerk, ____Jackson_____ County