**James D. SANDEFUR, O.D. and W.E. Marionneaux, Jr., O.D., Plaintiffs-Appellants,**

v.

**William A. CHERRY, M.D., Secretary of the Louisiana Department of Health and Human Resources, et al., Defendants-Appellees.**

No. 82–3564.

United States Court of Appeals, Fifth Circuit.

Dec. 19, 1983.

Henry B. Bruser, III, Robert G. Nida, Alexandria, La., for plaintiffs-appellants.

* District Judge of the Western District of Louisi-

Charles E. Daspit, Dept. of Health & Human Resources, Baton Rouge, La., for defendants-appellees.

Before RUBIN and JOLLY, Circuit Judges, and PUTNAM *, District Judge.

ALVIN B. RUBIN, Circuit Judge:

In our original opinion in this case, we proposed to certify the following question to the Louisiana Supreme Court:

### TO THE SUPREME COURT OF LOUISI-ANA AND THE HONORABLE JUSTICES THEREOF:

Does the state Medicaid plan, by permitting reimbursement to opthalmologists for medically necessary treatment but limiting reimbursement to optometrists to eyeglasses or contact lenses for cataract surgery patients, violate the "freedom of choice" statute, La.Rev.Stat.Ann. § 37:1066 (West 1974)?

*Sandefur v. Cherry,* 718 F.2d 682, 690 (5th Cir.1983).

We invited the parties to agree to a joint statement of facts and proposed certificate of questions. *Id.* at 690. *See State Farm Mutual Automobile Insurance Co. v. Daughdrill,* 695 F.2d 141, 143 (5th Cir.1983). In response to our invitation, the parties filed the following joint state of facts and proposed question:

It is hereby stipulated and agreed by and between the parties hereto, for the purposes of the question to be certified to the Supreme Court of Louisiana, that:

### I.

The record in this case establishes that the State of Louisiana, under its Medical Assistance Plan-Medicaid, makes reimbursement to ophthalmologists for services which are within the scope of practice of optometrists, but does not make

ana, sitting by designation.

512

reimbursement to optometrists for performing those services to Medical eligible persons.

2.

The question to be certified to the Supreme Court of the State of Louisiana should read:

> Do the state employees and officials charged with adoption of the Louisiana Medical Assistance Plan, the Medical Assistance Program Manual, Providers' Manual and practices and procedures thereunder have discretion under R.S. 37:1066 and R.S. 49:185 to provide therein for provision of all eye care services to Medicaid eligible persons by ophthalmologists and other medical doctors to the exclusion of optometrists, except for routine eye examinations for eligible recipients under the age of 21 in the Early Periodic, Screening, Diagnosis and Treatment program and refractions following cataract surgery for eligible recipients?

Adopting the parties' statement and proposed question for certification to the Louisiana Supreme Court, we amend our original opinion to reflect this change. The Louisiana Supreme Court, of course, will not be bound by this articulation of the question in its consideration of the issues involved. *Martinez v. Rodriquez,* 394 F.2d 156, 159 n. 6 (5th Cir.1968).

The question is CERTIFIED to the Supreme Court of Louisiana.