DIXON, Chief Justice.
Plaintiffs, optometrists licensed to practice in Louisiana, brought this suit in federal court for injunctive and declaratory relief to have the Louisiana Medical Association Plan, its Program Manual and the practices- and procedures thereunder reformed to comply with federal and state law.
The federal district court found in favor of the defendants, and dismissed the suit. Sandefur v. Cherry, 547 F.Supp. 418 (M.D. La.1982). The United States Court of Appeals, Fifth Circuit, certified a question to this court because the case “involves a determinative question of Louisiana law and there are no controlling state law precedents.” Sandefur v. Cherry, 718 F.2d 682, 690 (5th Cir.1983).
Specifically, the plaintiffs argue that the state’s practice of reimbursing ophthalmologists while not reimbursing optometrists for eye care services provided to medicaid eligible persons violates state law. R.S. 37:1066 and R.S. 49:185 both prohibit state officials from directly or indirectly limiting or restricting the freedom of patients to *1351 choose the services of an optometrist, physician or surgeon.[1]
The parties to this suit entered into the following joint stipulation of facts and proposed certificate of questions:
“It is hereby stipulated and agreed by and between the parties hereto, for the purposes of the question to be certified to the Supreme Court of Louisiana, that:
1. The record in this case establishes that the State of Louisiana, under its Medical Assistance Plan-Medicaid, makes reimbursement to ophthalmologists for services which are within the scope of practice,of optometrists, but does not make reimbursement to optometrists for performing those services to Medical eligible persons.
2. The question to be certified to the Supreme Court of the State of Louisiana should read:
Do the state employees and officials charged with adoption of the Louisiana Medical Assistance Plan, the Medical Assistance Program Manual, Providers’ Manual and practices and procedures thereunder have discretion under R.S. 37:1066 and R.S. 49:185 to provide therein for provision of all eye care services to Medicaid eligible persons by ophthalmologists and other medical doctors to the exclusion of optometrists, except for routine eye examinations for eligible recipients under the age of 21 in the Early Periodic, Screening, Diagnosis and Treatment program and refractions following cataract surgery for eligible recipients?
Accepting the stipulated facts, and the question as posed, See 721 F.2d 511 (5th Cir.1983), we must answer:
No, the state employees and officials charged with adoption of the Louisiana Medical Assistance Plan, the Medical Assistance Program Manual, Providers’ Manual and practices and procedures thereunder do not have discretion under R.S. 37:1066 and R.S. 49:185 to provide therein for provision (sic) of all eye care services to Medicaid eligible persons by opthalmologists and other medical doctors to the exclusion of optometrists, except for routine eye examinations for eligible recipients under the age of 21 in the Early Periodic, Screening, Diagnosis and Treatment program and refractions following cataract surgery for eligible recipients.
The statutory prohibition, found in both R.S. 37:1066 and R.S. 49:185, against any state employee “directly or indirectly” limiting the choice of an optometrist by a patient removes any opportunity for the state employee to exclude optometrists.

. “Every person shall have complete freedom of choice to use the services of optometrists licensed under this Chapter where such services are permitted by law, and no state, parish or municipal board or agency, or any officer or employee thereof, shall either directly or indirectly limit or restrict the freedom of any person to choose the services of either an optometrist, a physician or a surgeon.” R.S. 37:1066.
"Every person in this state needing eye care shall have complete freedom to use the services of an individual licensed under either R.S. 37:1041 through R.S. 37:1066 or R.S. 37:1261 through R.S. 37:1290. No state, parish or municipal board or agency, nor any officer or employee thereof, shall either directly or indirectly limit or restrict the freedom of any person to choose the services of a person so licensed under either authority.” R.S. 49:185.