744 F.2d 1157
 Medicare&Medicaid Gu 34,199
James D. SANDEFUR, O.D. and W.E. Marionneaux, Jr., O.D.,
Plaintiffs-Appellants,
v.
William A. CHERRY, M.D., Secretary of the Louisiana
Department of Health and Human Resources, et al.,
Defendants-Appellees.
 No. 82-3564.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 29, 1984.
 
 Henry B. Bruser, III, Robert G. Nida, Alexandria, La., for plaintiffs-appellants.
 George F. McGowin, Atty., Dept. of Health & Human Resources, Charles E. Daspit, Baton Rouge, La., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Louisiana.
 Before RUBIN and JOLLY, Circuit Judges, and PUTNAM*, District Judge.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 In our original opinion in this case, we proposed to certify a determinative question of Louisiana law to the Supreme Court of Louisiana.[1] In response to our invitation, the parties filed the following joint statement of facts and proposed question:
 
 
 2
 It is hereby stipulated and agreed by and between the parties hereto, for the purposes of the question to be certified to the Supreme Court of Louisiana, that:
 
 
 3
 1. The record in this case establishes that the State of Louisiana, under its Medical Assistance Plan-Medicaid, makes reimbursement to ophthalmologists for services which are within the scope of practice of optometrists, but does not make reimbursement to optometrists for performing those services to Medicaid eligible persons.
 
 
 4
 2. The question to be certified to the Supreme Court of the State of Louisiana should read:
 
 
 5
 Do the state employees and officials charged with adoption of the Louisiana Medical Assistance Plan, the Medical Assistance Program Manual, Providers' Manual and practices and procedures thereunder have discretion under R.S. 37:1066 and R.S. 49:185 to provide therein for provision of all eye care services to Medicaid eligible persons by ophthalmologists and other medical doctors to the exclusion of optometrists, except for routine eye examinations for eligible recipients under the age of 21 in the Early Periodic, Screening, Diagnosis and Treatment program and refractions following cataract surgery for eligible recipients?
 
 
 6
 The question was submitted to the Louisiana Supreme Court in this form.[2] In an opinion rendered on September 10, 1984, that court, accepting the stipulated facts and the question as posed, answered as follows:
 
 
 7
 No, the state employees and officials charged with adoption of the Louisiana Medical Assistance Plan, the Medical Assistance Program Manual, Providers' Manual and practices and procedures thereunder do not have discretion under R.S. 37:1066 and R.S. 49:185 to provide therein for provision (sic) of all eye care services to Medicaid eligible persons by ophthalmologists and other medical doctors to the exclusion of optometrists, except for routine eye examinations for eligible recipients under the age of 21 in the Early Periodic, Screening, Diagnosis and Treatment program and refractions following cataract surgery for eligible recipients.[3]
 
 
 8
 In accordance with the decision of the Supreme Court of Louisiana, we reverse the judgment of the district court dismissing the state claim. The Louisiana Medical Assistance Plan and the Medical Assistance Program Manual presently provide for Medicaid reimbursement to ophthalmologists (and other physicians) for eye care services that are within the scope of practice of optometrists, but deny reimbursement to optometrists for most of those same services. The Louisiana Supreme Court has held that these provisions violate the Louisiana statutes that prohibit state officials from limiting or restricting the freedom of patients to choose to receive eye care services from an optometrist, physician or surgeon. Therefore the defendants must amend the Plan and the Manual so as to provide that optometrists who perform eye care services that are within the scope of optometric practice will receive Medicaid reimbursement to the same extent, and according to the same standards, as physicians who perform those same eye care services. The defendants must put optometrists on a precisely equal footing with ophthalmologists and other physicians with regard to reimbursement for services that optometrists are qualified to perform under Louisiana law. We do not undertake to determine which eye care services are reimbursable, but the defendants must assure the equal treatment of optometrists and physicians that is mandated by state law.
 
 
 9
 The judgment of the district court dismissing the federal claims is AFFIRMED. The judgment dismissing the state claim is REVERSED and the defendants are ordered to amend the Louisiana Medical Assistance Plan and the Medical Assistance Program Manual to bring them into conformity with La.R.S. 37:1066 and La.R.S. 49:185.
 
 
 
 *
 District Judge of the Western District of Louisiana, sitting by designation
 
 
 [1]
 Sandefur v. Cherry, 718 F.2d 682, 690 (5th Cir.1983)
 
 
 [2]
 Sandefur v. Cherry, 721 F.2d 511 (5th Cir.1983)
 
 
 [3]
 Sandefur v. Cherry, 455 So.2d 1350 (La.1984)