STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant,

v.

Jerry DAUGHDRILL and Helen B. Daughdrill, Defendants-Appellees.

No. 82–4256.

United States Court of Appeals, Fifth Circuit.

Aug. 30, 1985.

Carter O. Bise, James N. Compton, Biloxi, Miss., for plaintiff-appellant.

C.R. McRae, Pascagoula, Miss., for defendants-appellees.

Before RUBIN, JOHNSON, and WILLIAMS, Circuit Judges.

PER CURIAM:

The facts in this case are fully set forth in our certification to the Supreme Court of Mississippi, 702 F.2d 70 (5th Cir.1983), and in its opinion, which is set out in the Appendix. The Mississippi Supreme Court's answers to our questions, 474 So.2d 1048 (1985), establish that the district court erred as a matter of law in holding that the Mississippi Uninsured Motorist Coverage Statute, Miss. Code Ann. § 83–11–101 (Supp.1982), requires an insurer to pay punitive damage awards to its insured. Accordingly, we REVERSE the district court's dismissal of this case and direct that court to enter summary judgment in favor of State Farm.

---

APPENDIX

IN THE SUPREME COURT OF
MISSISSIPPI

NO. 54,788

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

v.

JERRY DAUGHDRILL & HELEN B.
DAUGHDRILL

BEFORE PATTERSON, C.J., PRATHER
& ROBERTSON, JJ.

PATTERSON, CHIEF JUSTICE, FOR
THE COURT:

Mississippi Supreme Court Rule 46[1] authorizes certification of unsettled substantive questions of Mississippi law from certain federal courts when the response will determine the litigation in the federal forum. Such procedure permits this Court to render a definitive opinion and provide a controlling precedent for the federal litigation on questions of substantive Mississippi law.[2]

The Court of Appeals for the Fifth Circuit certified *State Farm Mutual Automobile Ins. Co. v. Daughdrill*, 702 F.2d 70 (5th Cir. April 4, 1983) to this Court under Rule 46 of the Mississippi Supreme Court Rules.

The questions certified are:

1. Does the Uninsured Motorist Act [Mississippi Code Annotated Sections 83–11–101, et seq. (Supp.1982)] require that the uninsured motorist coverage provision of an automobile liability policy cover punitive damages that the insured would be legally entitled to collect from the uninsured motorist?

2. Does the uninsured motorist endorsement of the subject policy require that the insurer pay any punitive damages assessed against the uninsured motorist, not to exceed the aggregated policy limits of coverage?

The statement of facts prompting the certification follows:

Helen and Jerry Daughdrill had two automobile policies of insurance issued by State Farm Mutual Automobile Insurance Company insuring their 1979 Aspen automobile. Under the Uninsured Motorist Endorsement of the first policy, the insureds were afforded bodily injury coverage in an amount not to exceed $25,000 per person, or $50,000 per accident, and property damage coverage in an amount not to exceed $5,000 per accident. The Uninsured Motorist Endorsement stated that State Farm would "pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an uninsured motor vehicle." ... While both policies would aggregate, or "stack," the inclusion of the other policy here is not necessary for a resolution of the issue of coverage.

On February 14, 1981, in Pascagoula, Mississippi, while driving the vehicle covered by the insurance policies, Helen B. Daughdrill was struck from the rear by an automobile owned and operated by an uninsured motorist, Audie Hacker. As a result of this accident, she suffered personal injuries as well as property damage to her vehicle.

Subsequent investigation revealed that Audie Hacker (1) was legally intoxicated at the time of the accident and (2) was

---

**1.** Rule 46 provides:
### RULE 46
#### CERTIFICATION
When it appears to the Supreme Court of the United States, or to any circuit court of appeals of the United States, that there are involved in any proceedings before it questions or propositions of law of this state which are determinative of said cause independently of any other questions involved in said case and that there are no clear controlling precedents in the decisions of the Supreme Court of this State, such federal court before rendering a decision may certify such questions or propositions of law of this state to the Supreme Court of Mississippi for rendition of a judgment or opinion concerning such questions or propositions of Mississippi law. This Court may, in its discretion, decline to answer the questions certified to it. (August 1, 1980).

**2.** *Government Employees Ins. Co. v. Brown,* 446 So.2d 1002 (Miss.1984).

operating his vehicle without a valid drivers license due to a prior conviction for driving while under the influence of alcohol.

After this accident, the Daughdrills demanded from State Farm both actual and punitive damages under the Uninsured Motorist Endorsement. State Farm offered to pay $2,000 as actual damages conditional on receiving a full release. That offer was refused by the Daughdrills, State Farm then filed its declaratory judgment action seeking a determination whether either the Uninsured Motorist Act or the subject policy required payment of punitive damages.

702 F.2d at 70–71.

The United States District Court for the Southern District of Mississippi rendered its memorandum opinion overruling State Farm's motion for summary judgment holding that under *Anthony v. Frith & State Farm Mutual Ins. Co.*, 394 So.2d 867 (Miss.1981), and Mississippi Code Annotated Section 83–11–101 (Supp.1982), punitive damages were compensable under Mississippi's uninsured motorists insurance coverage.

Meanwhile, Helen Daughdrill had filed a complaint against State Farm in the Circuit Court of Jackson County. On January 27, 1983, that Court entered an order of partial summary judgment in favor of the Daughdrills upon the issue of punitive damages, should any "be assessed by a jury against the uninsured motorist, Audie Hacker."[3]

In *Anthony v. Frith, supra,* upon which the Federal Court relied, this Court decided an automobile liability policy which provided the insurer would pay all sums for which the insured became legally obligated because of injuries sustained by others included punitive damages awarded to a pedestrian who was struck by a vehicle driven by an insured while intoxicated. Additionally it held that an award of punitive damages pursuant to the provisions of a

liability insurance policy did not violate the public policy of this state. The decision was based upon our interpretation of our standard liability insurance statute, Section 63–15–43(2)(b), Mississippi Code Annotated (1972), which states in pertinent part:

> [The insurer] shall pay on behalf of the insured named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, *all sums which the insured shall become legally obligated to pay* as damages arising out of the ownership, maintenance or use of such motor vehicles or motor vehicles ... (Emphasis added.)

This holding we have recently reaffirmed in *Old Security Casualty Insurance Company v. Clemmer,* 455 So.2d 781 (Miss. 1984), also dealing with liability insurance coverage.

Presently we are asked to interpret whether our uninsured motorist statute, Section 83–11–101, Mississippi Code Annotated (Supp.1982), provides for the payment of punitive damages by the insurer. It states in pertinent part:

> (1) No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking *to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle,* within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended, ... (Emphasis added.)

In 1979, Section 83–11–101 was amended to add Section (2):

> (2) No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1980, unless it contains an endorsement or provisions un-

---

**3.** "Order Sustaining Motion for Partial Summary Judgment" filed by Helen Daughdrill in Circuit Court of Jackson County, Mississippi, Cause

No. 11,893, styled *Helen B. Daughdrill v. State Farm Mut. Auto Ins. Co., et al.*

dertaking to pay the insured all sums which he shall be *legally entitled to recover as damages for property damage* from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended, under provisions approved by the commissioner of insurance; ... (Emphasis added.)

This broadens coverage of uninsured motorist policies to include those sums which the insured would be legally entitled to recover as *property damage* from the owner/operator of an uninsured motor vehicle.

The enlargement of Section 83–11–101 by the legislature to include the recovery of property damages in addition to those for bodily injury or death expresses, we think, the legislature's initial intention to restrict uninsured motorist coverage to those items specifically enumerated in the statute; otherwise, had it been a general statute so as to include all damages the 1979 amendment would have been unnecessary. This harmonizes with *Southwest Drug Co. v. Howard Brothers Pharmacy of Jackson, Inc.,* 320 So.2d 776 (Miss.1975), and cases cited therein. In it, we held that a statute which enumerates and specifies the subjects or things upon which it is to operate, is to be construed as excluding from its effect those subjects not expressly mentioned or included under a general clause. We conclude the legislature intended by Mississippi Code Annotated, Section 83–11–101 and its amendment to include only those items therein specifically enumerated and because punitive damages were not mentioned, they were necessarily excluded.

The Daughdrills' argument that punitive damages are authorized by statute and case law in uninsured motorists insurance is not persuasive. Contrary to their contentions, uninsured motorists insurance and standard liability insurance provide two different coverages as separate and distinct creations of our Legislature. We cannot agree the language of prior cases provides a nexus between these two distinct coverages.

The statutory language is patently different, leading this Court to state:

> The protection afforded by the uninsured motorists coverage is not liability insurance. It affords no protection to the uninsured motorist. Its sole utility is to provide the injured party a means of collecting damages for his injuries; and rather than indemnifying the uninsured motorist, as does conventional liability insurance, it provides that the insurer paying the injured party is subrogated to the injured party's rights against the uninsured motorist to the extent that payment is made.

*Harthcock v. State Farm Mutual Automobile Ins. Co.,* 248 So.2d 456, 459 (Miss. 1971). Obviously the purpose of uninsured motorist insurance is to benefit the insured by making available compensation for his property damage, bodily injuries or death.

*Rampy v. State Farm Mutual Automobile Ins. Co.,* 278 So.2d 428 (Miss.1973), is not authority for the Daughdrills' position; because it addresses a question concerning notice to the insurer for subrogation purposes. While citing the language of other jurisdictions as a prelude for the decision, we quoted:

> Its purpose is to give the same protection to the person injured by an uninsured motorist as he would have had if he had been injured in an accident caused by an automobile covered by a standard liability policy. Such provisions are to be liberally construed.... [Citations from other jurisdictions omitted.]

278 So.2d at 432.

Because such preliminary language was not necessary to the issue and did not relate to it, we are of the opinion that *Rampy* is not controlling precedent in this case.

Most recently this same language was noted in *McCoy v. Preferred Risk Ins. Co. & Singing River Hospital,* 471 So.2d 396 (Miss.1985). There the issue was whether parents could assign their minor child's rights under uninsured motorists insurance benefits, not recovery for punitive damages. Our reference to *Rampy* was of no

import in deciding the assignment issue. The historical reasons for the adoption of uninsured motorists insurance by this and other states does not supersede the legislative enactment.

In *Matthews v. State Farm Mutual Automobile Ins. Co.*, 471 So.2d 1223 (Miss. 1985), we stated, "the sole question presented by this appeal is whether the doctrine of interspousal immunity bars a lawsuit by one spouse against the other which is filed subsequent to divorce and based upon a cause of action arising prior to marriage?" Although the claim did involve uninsured motorist coverage, the issue did not lend itself to a determination of whether punitive damages are permitted by the statute presently under consideration. We do not disagree with the statement in *Matthews* concerning a liberal construction of uninsured motorist coverage, but we do note the reference was to the determination of insureds within the policy or the coverage permitted by it. There is no indication the language was intended to broaden coverage beyond actual damages as specified in the uninsured motorist state.

The purpose of punitive damages, as often stated by this Court, is to punish a tortfeasor and such award necessarily includes a consideration of his net worth. They "are not awarded to compensate a party for an injury, but are granted in the nature of punishment for the wrongdoing of the defendant as an example so that others may be deterred from the commission of similar offenses, thereby, in theory, protecting the public." *Mississippi Power Co. v. Jones*, 369 So.2d 1381, 1387 (Miss. 1979), and numerous cases cited therein. *Accord, Tideway Oil Programs, Inc. v. Serio*, 431 So.2d 454 (Miss.1983). The purpose of punitive damages is not accomplished in an uninsured motorist context. Such an award against an insurance company does not deter or punish similar future conduct, and no punishment is imposed on the uninsured motorist.

A parallel to such reasoning is found in *Mervis v. Wolverton*, 211 So.2d 847 (Miss. 1968), wherein this Court stated that under common law an action in tort is extinguished with the death of the tortfeasor. We acknowledged the legislature had modified this rule to permit recovery for actual damages from the estate of a deceased wrongdoer, but that punitive damages were not authorized by the legislature. *Mervis* cited the old case of *Hewlett v. George*, 68 Miss. 703, 710, 9 So. 885, 887, 13 L.R.A. 682 (1891), wherein the statutory language permitting recovery for actual damages was followed, but the Court noted that "[v]indictive damages" were not permitted by statutes. In rejecting punitive damages, the Court in *Hewlett* stated:

> Our statutes have modified the common law to the extent of permitting a recovery against the representative of the deceased wrongdoer to an amount sufficient to compensate for the actual damage sustained by the injured party, but the realm of the dead is not invaded and punishment visited upon the dead.

From our statutes and analogous cases, we conclude the negligence of Hacker, the drunken tortfeasor in this case, should not be visited upon the uninsured motorist carrier. In fact, if carried to its extreme, such proposition would have the propensity of unusual results because they are assessed upon the net worth of the tortfeasor. Imagine therefore the quantity of an award from an uninsured financial derelict with little, if any, net worth.

It is contended by the appellees, however, that punitive damages should be recoverable in this state because other states permit it. We acknowledge the premise, but an examination of those cases cited from other jurisdictions are predicated upon the particular language of the statutes of those states. For example, Virginia allows recovery for punitive damages under uninsured motorist insurance. In *Lipscombe v. Security Ins. Co. of Hartford*, 213 Va. 81, 189 S.E.2d 320 (1972), the Court recognized that its uninsured motorist statute does not mention punitive damages as such and the policy then under consideration provides payment only for damages "because of bodily injury ..."

Their statute requires policies to contain "provisions undertaken to pay the insured *all sums* which he shall be legally entitled to recover as damages *from* the owner or operator of an uninsured motorist vehicle." [Emphasis added.] Referring to the statute, Va.Code § 38.1–381(b) (1950), the Court stated, "[w]e think this language was intended to include punitive damages." 189 S.E.2d at 323. The Court went on to explain its reasoning by adding, "... [the] code § 38.1–381(f) provides that any insurer paying a claim under uninsured motorist provisions shall be subrogated to the rights of the insured against the person causing such injury, death or *damage*." [Emphasis in text.] 189 S.E.2d at 323–24.

*McCoy, supra,* 471 So.2d 396, (1985), refers to Phillips, *A Guide to Uninsured Motorist Insurance Law in Mississippi,* 52 Miss. Law Journal, pp. 255–56. This article states "[t]he purpose of uninsured motorist insurance is to 'provide protection to innocent insured motorists and passengers injured as a result of the negligence of financially irresponsible drivers.' [n. 4, *Rampy,* 278 So.2d 432]." With this we agree; however, his prophecy that Mississippi will follow Virginia case law because their statute and the statute of this state are identical is erroneous because the statutes are not identical. *Cf.* "to pay the insured all sums which he shall be legally entitled to recover as damages *for bodily injury* or *death* from the owner...." and "... for property damage...." [§ 83–11–101(1), (2)] with the Virginia statute which provides in pertinent part, "to pay the insured *all sums* which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motorist vehicle."

Texas has statutory language similar to Virginia and in *Home Indemnity Co. v. Tyler,* 522 S.W.2d 594 (Tex.Civ.App.1975), it was decided the uninsured motorist statute required the insurance company to pay the insured punitive damages as part of "all sums which the insured ... shall be legally entitled to recover as damages from the owner...." Tex.Ins.Code Ann. § 5.06–1 (Vernon 1975).

In a recent decision, Tennessee allows punitive damage recovery under an uninsured motorist policy. In *Mullins v. Miller,* 683 S.W.2d 669 (Tenn.1984), the court interpreted Tenn.Code Ann. § 56–7–1201, et seq. (1982), as permitting punitive damage awards under uninsured motorist insurance coverage. Their statute specifically states "[t]he company will pay *all sums* which the insured ... shall be legally entitled to recover as damages *from* the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured...." [Emphasis added.] The Court stated "[i]n our opinion this coverage includes awards of punitive damages up to the policy limits." 683 S.W.2d at 671.

South Carolina's Uninsured Motorist Provision, S.C.Code Ann. § 46–750.14 (Law.Co-op 1962), was interpreted to exclude punitive damage recovery in *Laird v. Nationwide Ins. Co.,* 243 S.C. 388, 134 S.E.2d 206 (1964), wherein the Court discussed the distinction between uninsured motorist coverage and liability by stating:

It is required by Section 46–750.13 of the Code that a liability insurance policy must insure "against loss from the liability imposed by law," while under the uninsured motorist coverage [Section 46–750.14] which appears on said policy by endorsement, is for the benefit of the insured, and those qualifying as such, and does not insure "against liability imposed by law," but does obligate the insurer to pay the insured "all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." Clearly, the legislature, by using this differing language, recognized the distinction between liability coverage and the uninsured motorist endorsement.

243 S.C. at 391, 134 S.E.2d 206.

The following year, in *Carroway v. Johnson,* 245 S.C. 200, 139 S.E.2d 908 (1965), punitive damages were allowed recoverable under uninsured motorist insurance because the specific policy language broadly obligated the insurer "to pay 'all sums' which the insured 'shall become legally ob-

**1076**

ligated to pay as damages' because of bodily injury. The punitive damage award is a sum which the insured is legally obligated to pay as damages...." 139 S.E.2d at 910.

Since these two cases were decided the South Carolina legislature specifically added to its Article 7, "Coverage limitations, Uninsured Motorist Provisions and the Like," § 56–9–810: *Definitions*, subsection (4), which states: "The term 'damages' shall include both actual and punitive damages." (S.C.Code 1976). [This section formerly § 46–750.31 (1962) ]. The South Carolina legislature, not its courts, broadened the language.

The cases from Virginia, Texas, Tennessee and South Carolina are persuasive and doubtless correctly decided under the statutes of the respective states, but we reach a different conclusion because our statutes are different in significant aspect, as mentioned, thereby mandating a different result.

The questions certified to us for determination are both answered in the negative for the reasons stated.

We hasten to state that the issue determined today has no relation to a charge of bad faith refusal to pay such a claim by the insurer or to a claim for punitive damages under liability coverage other than that of an uninsured motorist. We address the narrow issues presented.

THE QUESTIONS CERTIFIED ARE ANSWERED IN THE NEGATIVE.

WALKER AND ROY NOBLE LEE, P. JJ., AND HAWKINS, PRATHER, ROBERTSON, SULLIVAN AND ANDERSON, JJ., CONCUR. DAN LEE, J., NOT PARTICIPATING.