**GUARANTEE TRUST LIFE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Edward M. GAVIN, D.C., d/b/a Gavin Chiropractic Clinic, Defendant–Appellant.**

No. 88–3542.

United States Court of Appeals, Fifth Circuit.

Sept. 5, 1989.

Rehearing Denied Oct. 5, 1989.

John R. Martzell, Jane C. Ettinger, New Orleans, La., for defendant-appellant.

Donald E. Casey, Chicago, Ill., Daniel A. Reed, Gary E. Dienstag, Kenneth E. Barnette, Baton Rouge, La., for plaintiff-appellee.

Charles R. Davis, Jackson, Miss., Earl N. Vaughan, New Orleans, La., for amicus curiae-Golden Rule Ins. Co.

Before GEE, REAVLEY and JOLLY, Circuit Judges.

GEE, Circuit Judge:

*Facts*

In 1984 and 1985, Dr. Gavin, a chiropractor, provided care to various Louisiana State University students who assigned to him their benefits under an insurance policy issued to them by Guarantee Trust through the University. In processing the claims, Guarantee Trust limited payment to Dr. Gavin pursuant to a policy provision restricting reimbursement for the kind of treatment he provided to eighty percent of the claim, up to $100 per month, with an annual limit of $1,000. Thereafter, Dr. Gavin attempted to recover the fees denied him, arguing that the policy provision discriminated against chiropractors and thus violated Louisiana law.

Guarantee Trust then filed an action against Gavin in federal court, seeking a declaratory judgment. Guarantee asked that a policy of insurance issued to LSU be found in compliance with La.Rev.Stat. 22:668, which prohibits discrimination against chiropractors. Gavin filed an answer and counterclaim, asserting that as an assignee of the various claims under the policy, he was due reimbursement for unpaid claims and penalties for delayed payments. Moreover, he claimed that the policy language is null and void under the Louisiana law because it discriminates against chiropractors. Guarantee moved for summary judgment on the issue of discrimination. Without oral argument, the district court by minute entry granted the motion for summary judgment on behalf of Guarantee. 678 F.Supp. 1250. A Rule 54 judgment was entered on March 4, 1988.

Gavin filed a number of postjudgment motions, all of which were either withdrawn or denied. He then filed a timely notice of appeal from the grant of summary judgment in favor of Guarantee and from the denial of postjudgment motions. On appeal, Gavin contends that the district court erred in holding that Guarantee's policy provision did not violate Louisiana law or the equal protection provisions of the state and federal constitutions. In addition, he contends that the district court erred in holding that no material facts were in dispute, in failing to consider directives issued by the Louisiana Commissioner of Insurance and in failing to stay the issue pending disposition of a similar case filed in state court. We affirm.

*Analysis*

Since 1974, the Louisiana legislature has enacted several laws guaranteeing equitable treatment for chiropractors. In 1974, chiropractic became a legalized health-care profession in Louisiana by statute, regulated by a board of governors similar to that which governs the practice of medicine there. In two statutes, La. Rev.Stat. 22:668 and 40:1299.65, the Louisiana legislature has sought to provide for equal treatment of medical doctors and chiropractors performing the same kinds of services for patients. Furthermore, article 1, section 3 of the 1974 Louisiana Constitution guarantees equal protection by saying "no person shall be denied the equal protection of the laws." Paradoxically, however, Louisiana law still prohibits chiropractors from performing their work in hospitals; and that provision of law is not attacked by Dr. Gavin.

La.Rev.Stat. 668 A(1) states:

Notwithstanding any provision of any policy or contract of insurance or health benefits issued after the effective date of this section [1975], whenever such policy or contract provides for payment or reim-

bursement for any service, and such service may be legally performed by a chiropractor licensed in this state, such payment or reimbursement under such policy or contract *shall not be denied when such service is rendered by a person so licensed. Terminology in such policy or contract deemed discriminatory against any such person or method of practice shall be void.* (Emphasis added.)

Gavin contends that this statute is violated by a provision in Guarantee's policy which states

*Outpatient treatment* in connection with the *detection or correction by manual or mechanical means of structural impalance, distortion or subluxation in the human body for purposes of removing nerve interference as a result of or related to distortion, misalignment or subluxation of or in the vertebra column,* with the following limitations: we will pay eighty percent of eligible charges incurred. The said expenses not to exceed $100 for any insured person per calendar month. (Emphasis added.)

Gavin contends that the above policy language singles out chiropractors for discriminatory treatment. He argues that it does so essentially by structuring the provision to cover generally the kind of treatment provided by orthopedic surgeons, internists, and general practitioners as well as by chiropractors, but then effectively eliminating the medical practitioners from its restrictions by applying them to outpatient treatment alone. According to Gavin, since chiropractors may not treat in Louisiana hospitals they always administer treatment on an outpatient basis, whereas medical doctors, by contrast, may administer treatment in a hospital. Consequently, Gavin points out medical doctors can obtain full reimbursement for the same service for which chiropractors can obtain only eighty percent reimbursement simply by performing that service in a hospital. Furthermore, he maintains, although section 668 A(1) speaks in terms of discrimination against chiropractors by denying reimbursement for their services, the statute also reaches lesser included discriminatory conduct such as the discriminatory limitation of reimbursement.

The district court concluded that the policy provision did not violate La.Rev.Stat. 668 A(1) because the "policy does not exclude payment for chiropractic services; on the contrary, it specifically covers such services, but limits the amounts which will be paid for them, just as it limits the amounts which will be paid for other covered services." Gavin does not claim, however, that the policy violates La.Rev.Stat. 668 A(1) because it *limits* reimbursement for chiropractic services. Rather, Gavin contends that the policy violates this statute *because it provides for limited reimbursement to chiropractors while providing for full reimbursement to medical doctors providing the same services.* The district court's conclusion that the policy provides some coverage for chiropractic services fails to address Gavin's contention that the policy violates the statute by treating chiropractors differently from medical doctors. We therefore disagree with the district court's reasoning. Nonetheless, we do agree with the district court's conclusion that the policy does not violate the statute.

■  La.Rev.Stat. 668 A(1) provides that when a policy provides for payment for a service which may be performed by a chiropractor, payment shall not be denied or—by implication—limited merely because the service is performed by a chiropractor rather than a medical doctor. The statute does not, however, prohibit denial or limitation of payment based on some factor other than the degree held by the person providing the service. The policy at issue in this case is consistent with the statute in that it limits payment based on the manner in which the service is performed, i.e. on an out-patient versus an in-patient basis. Under the policy, payment is limited for the specific type of treatment *made on an out-patient basis* regardless of whether the treatment is performed by a chiropractor or by a medical doctor. The policy does not limit payment based on the degree held by the person providing the service. Therefore it does not violate the statute.

Gavin correctly contends that a chiropractor is always limited to 80% reimbursement for his services while a medical doctor may, by admitting a patient and performing his services on an in-patient basis, be eligible for full reimbursement. It is, however, the statute prohibiting chiropractors from admitting patients to hospitals, not the policy limiting payment for out-patient services, which effects the amount of payment which a chiropractor may recover. Thus, to the extent that Gavin is the victim of discriminatory treatment, that discrimination results from the state statute prohibiting him from admitting patients to a hospital, not from the insurance policy issued by the defendant. The district court therefore correctly held that the policy does not violate La.Rev.Stat. 668 A(1).

■ Gavin also contends that the policy further violates La.Rev.Stat. § 40:1299.65 and the state and federal constitutional provisions guaranteeing equal protection of the laws. This contention is also without merit. Section 40:1299.65 provides:

*No agency of the state, parish or municipality* under the laws of the State of Louisiana shall deny to the recipients or beneficiaries of their aid or services the *freedom to choose* a duly licensed chiropractor as the provider of care or services which are within the scope of practice of the profession of chiropractor as defined in R.S. 37:2801(3). (Emphasis supplied.)

Gavin argues that the policy violates this statute because it is structured to include an economic disincentive to choose chiropractic care, thus impermissibly burdening the freedom of recipients to choose such care. Therefore, according to Gavin, the district court erred in holding that "[a]ll insured are free to choose chiropractic; the policy simply limits the amount which will be paid for those services." La.Rev.Stat. 37:2801(3) applies only to state, parish or municipal agencies. The Guarantee Trust

argues that because no such agency is a party to this suit La.Rev.Stat. 37:2801(3) is inapplicable to this action. Gavin argues that the policy, not the Guarantee Trust, is the subject of the lawsuit and that, because the policy was issued to a state agency, L.S.U., that La.Rev.Stat. 37:2801(3) is applicable. We are unpersuaded by this logic. No governmental agency is a party to this action. The fact that a policy issued to a state agency is the *subject* of this lawsuit is irrelevant. The district court therefore correctly concluded that the Guarantee Trust did not violate 37:2801(3).

■ Gavin's constitutional claim fares no better than his other claims. The equal protection clauses of the state and federal constitutions prohibit *state* action that unreasonably favors one individual or class over another. Gavin argues, for purposes of his constitutional claims, that the Guarantee Trust is so entangled with the state as to have become a state actor. *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961). Gavin further argues that the policy issued by the Guarantee Trust unreasonably favors medical doctors over chiropractors. We need not address Gavin's state action argument because we find that the Guarantee Trust's policy does not unreasonably favor one class over another.

In support of his argument that the Guarantee Trust's policy violates the equal protection clause Gavin cites *Sandefur v. Cherry,* 718 F.2d 682 (5th Cir.1983), certified question answered by, 455 So.2d 1350 (La.1984). Gavin's reliance on this case is misplaced. In *Sandefur* we held that a state medical plan which provided reimbursement to opthalmologists for routine eye examinations while denying reimbursement to optometrists for the same service did not violate state or federal equal protection clauses.[1] In so doing, we noted that the two classes were not similarly situated in that optometrists are not physicians. That same distinction is equally ap-

---

1. In *Sandefur* we certified to the Louisiana Supreme Court the issue of whether the medicaid plan violated a freedom of choice statute similar to La.Rev.Stat. 40:1299.65. The Louisiana Supreme Court held that the plan did violate that

statute. In *Sandefur,* however, the sole basis of distinction was the degree held by the provider, not the place of treatment. We therefore do not find that *Sandefur* controls the freedom of choice issue in this case.

plicable in the instant case. Louisiana law specifically states that chiropractors, unlike medical doctors, do not have the right to practice medicine as physicians. La.Rev. Stat. 37:2817. Additionally, as is noted above, the reimbursement distinction in this case is based on whether the patient is treated on an out-patient or on an in-patient basis, not on the degree held by the health care provider. Consequently this statute does not violate the state or federal equal protection clauses.

Gavin also contends that the district court erred in holding that no material facts were in dispute, in failing to consider directives issued by the Louisiana Commissioner of Insurance and in failing to stay the case pending the resolution of a similar case filed in state court. In light of our holding on Gavin's substantive claims we need not address these procedural claims.

The judgment of the district court is

AFFIRMED.

REAVLEY, Circuit Judge, dissenting:

I believe there is more to Dr. Gavin's claim than can be duly resolved by this summary judgment. The district court assumed (678 F.Supp. at 1253) that only chiropractors provide the services described in the policy as quoted in the majority opinion. Indeed, the treatment there described seems on its face to be aimed precisely at the practice of chiropractic. To limit the benefits for this method of treatment may well be discriminatory against the method of treatment, whatever may be said about the benefits for hospital patients. I would remand for trial before holding that the Louisiana statute, which voids policy provisions discriminatory against any method of practice, is not offended by Guarantee's coverage.