## BARKER *et al. v.* STEWART.

That an attorney for one of the parties in a case on trial suggested to one of the jury, while on the street and suffering from an ailment, that a dose of medicine of a particular kind would benefit him, and also at his own expense procured and furnished the medicine to the juror, will not require the setting aside of a verdict in favor of the client of this attorney, when it affirmatively appears that the attorney did not know the person to whom he furnished the medicine was on the jury trying the case, that the juror took the medicine, not as a gift, but under the impression that he was to pay for it himself, and that counsel for the other party witnessed all that occurred, and made no complaint of it before verdict. Under such circumstances there was nothing in the conduct of either counsel or juror which necessarily militated against the purity of jury trial; and if in the exercise of a sound discretion, and upon sufficient evidence, the trial judge found that the occurrence resulted in no injury to the losing party, his finding will not be disturbed.

Argued April 30, — Decided May 16, 1900.

Petition. Before Judge Harris. Heard superior court. September term, 1899.

. *Reese & Gordon, F. N. Cobb,* and *F. S. Loftin,* for plaintiffs in error. *Sidney Holderness,* contra.

, LEWIS, J. The only question argued in the present case, or upon which a decision of this court was invoked, is that dealt with in the headnote. One of the grounds in the motion for a new trial is as follows: "Because during the progress of the trial of said case H. L. Samples, one of the jurors empanelled and sworn to try the same and while acting as said juror, and before the rendition of the verdict in said case, without permission of the court, and without the knowledge or consent of defendants or their counsel, was treated by Col. Sidney Holderness, of counsel for plaintiff, in the drug-store of Dr. W. A. Ware, at Franklin, Georgia, by said Holderness giving to said Samples a glass of seidlitz powders mixed with sugar and other ingredients unknown to movants, which was ordered by said Holderness, for said Samples, and paid for by said Holderness. That this fact was not known to movants or their counsel until after the rendition of the verdict in said case." On the hearing of this ground of the motion it appeared, from

some of the affidavits introduced in evidence, that during a re-
cess of the court, and pending the trial of this case, F. N. Cobb,
of counsel for plaintiffs in error, was standing at a drug-store,
and that Holderness, counsel for defendant in error, walked up,
and they engaged in common conversation; then Samples, the
juror, came up, and customary greetings were exchanged. Sam-
ples, in reply to an inquiry, "How do you do?" complained of a
headache.   Remedies were suggested, Holderness suggesting
seidlitz powders, accompanying this suggestion with a statement
that he had just started to take one for the same trouble. Sam-
ples, the juror, said he would try the remedy, and they stepped
inside the door of the drug-store.   Holderness ordered the seid-
litz powders, one for himself and also one for Samples, which
were accordingly furnished by the clerk.   They were produced,
and the juror asked Holderness to show him how to take his,
saying that he had never taken one before.   Holderness showed
him how, by dissolving the contents of one package in one glass
with a little water, and the contents of the other package in
another glass with water and a little sugar.   Samples then
picked up the two glasses from the counter, mixed and drank
quickly, and then walked out of the store without saying a
word.   Holderness then, in the absence of the juror, took his
powder, then handed the clerk a piece of silver, and received
from him his change, putting it in his pocket without counting
it.   There was some evidence that Cobb, one of counsel for plain-
tiffs in error, heard the conversation that occurred between the
juror and Holderness.   There was also evidence in behalf of
plaintiffs in error to the contrary.   There was undisputed proof,
however, that Holderness did not reside in the county where
the case was being tried, and was a comparative stranger there,
not knowing the people generally of the county.   He did not
know Samples, had never seen him before, and in the course
of the transaction with reference to the seidlitz powder he did
not know that Samples had been selected as a juror in the case,
the trial of which had proceeded.   It further appeared from the
evidence that Samples did not know that Holderness was treat-
ing, or intended to treat him with a seidlitz powder, but expected
the same would be charged to him on the books of the store, and

afterwards asked a friend to pay that amount for him, and did not know that it had been paid by Holderness until several days after the adjournment of court.   There is nothing in the evidence to indicate that Holderness intended the medicine, which he advised Samples to take, as a treat from him to the juror. After hearing all the evidence, the court overruled the motion for a new trial; and we are called upon by counsel for plaintiffs in error to reverse the judgment on account of this alleged misconduct on the part of counsel for defendant in error with one of the jury empanelled to try the case.

We think that a simple statement of the facts above given was amply sufficient to authorize the judge in overruling this ground of the motion.   There is nothing in the facts developed to indicate even a possibility of the juror having been in the least affected by the acts of civility and courtesy shown him by the counsel of defendant in error; and the facts in this case are not akin to those where this and other courts have ruled that new trials will generally be granted when jurors eat and drink at the expense of a prevailing party.   It has never been applied to acts of common courtesy or ordinary civility, but, as applied to drinks or treats, it generally carries with it the idea of conviviality and good fellowship.   We are not aware of a decision of any court where an act of simple common humanity in administering to the wants of one suffering physical pain has been construed as improper conduct for an attorney or party in a case, when administered to one who happens to be upon the jury engaged in the trial of a cause.   It was accordingly held by this court in the case of *Central R. R.* v. *Wiggins,* 91 *Ga.* 208 : " It is no cause for a new trial that one of the jurors took the plaintiff by the arm, and assisted him down stairs in the court-house during a recess of the court after the trial was commenced and before it was concluded.   It is not apparent or probable that this act of civility on the part of the juror was or might have been prejudicial to the defendant, although the cause of action on trial was an injury to the plaintiff's spine and nerves, which, as he contended, disabled him from walking without crutches or other assistance."   We think, if there is any difference in principle in the case above mentioned and the

one under consideration, that difference is in favor of the contention in behalf of the defendant in error in the case at bar; for here the attorney in suggesting a remedy for the juror's physical complaint not only performed nothing but an act of common humanity, but it seems he was entirely ignorant of the fact that Samples was a member of the jury which had been empaneled and sworn to try this case, and the juror himself was ignorant of the fact that the attorney intended to treat him. If counsel for the opposite party had not been present in this case, had not thus been made aware of the conduct between opposite counsel and this juror before the verdict, this conduct, as developed by the testimony, does not necessarily militate in the least against the purity of jury trials. There was evidence, however, that one of the counsel for plaintiffs in error was present and witnessed what occurred; and, while there was a conflict of testimony on this point, there was sufficient evidence to authorize the trial judge to decide the issue in favor of the respondent to the motion. We think that in the exercise of a sound discretion, and upon sufficient evidence, the trial judge found that the occurrence resulted in no injury to the losing party, and his finding, therefore, will not be disturbed.

It is unnecessary to consider the other grounds in the motion for a new trial, as none of them were insisted upon or argued as cause for a reversal of the judgment below.

*Judgment affirmed. All concurring, except Fish, J., absent.*