484 P.2d 1252 (1971)
John BROWN, Plaintiff in Error,
v.
The WESTERN CASUALTY AND SURETY COMPANY, Defendant in Error.
No. 70-642. (Supreme Court No. 24220.)
Colorado Court of Appeals, Div. II.
February 16, 1971.
Rehearing Denied March 9, 1971.
Certiorari Denied May 24, 1971.
*1253 Herbert A. Shatz, Denver, for plaintiff in error.
Duane O. Littell, Denver, for defendant in error.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Plaintiff in error, Brown, sued The Western Casualty and Surety Company (insurance company) in the Superior Court seeking recovery for exemplary damages which had been assessed against Brown in a previous action which action had arisen from an auto accident. The trial court entered judgment dismissing the complaint and Brown asserts error.
The facts are not in dispute.
The sole issue is whether the insurance company is liable for exemplary damages assessed against an insured, under its liability policy. The pertinent provision of the policy reads:
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident."
Brown claims that, since exemplary damages are not specifically excluded, they are covered by the above provision. The trial court held to the contrary. We affirm.
Universal Indemnity Ins. Co. v. Tenery, 96 Colo. 10, 39 P.2d 776, is controlling. In that case the Supreme Court said,
"Included in the total amount of the judgment entered against the garnishee herein was the award of exemplary damages against defendant Callahan in the sum of $1,000. This award was primarily for the punishment of Callahan for his wrongful acts and as a warning to others. It was in nowise compensation to the injured party for bodily injuries or actual loss occasioned by the negligence of Callahan. The insurance company did not participate in this wrong, and was under no contract to indemnify against such. In this particular matter the policy indemnifies against damages for bodily injuries, and nothing in addition is contracted for, and there is no further liability. The injured will not be allowed to collect from a nonparticipating party for a wrong against the public."
From the above it is clear that exemplary damages are not awarded "because of bodily injury." They are not compensatory and are not covered by the above quoted provision of the policy.
Judgment affirmed.
DUFFORD and PIERCE, JJ., concur.