394 So.2d 867 (1981)
Carol Ann ANTHONY
v.
Clayton FRITH and State Farm Mutual Automobile Insurance Company.
No. 52325.
Supreme Court of Mississippi.
January 21, 1981.
Willard L. McIlwain, Jr., McIlwain & Cox, Greenville, for appellant.
Philip B. Terney, Robertshaw & Merideth, Greenville, for appellee.
Before ROBERTSON, P.J., and BROOM and HAWKINS, JJ.
HAWKINS, Justice, for the Court:
This case is an appeal from the Circuit Court of Washington County. On July 28, 1979, Clayton Frith, while driving an automobile and insured under a conventional automobile liability insurance policy issued by State Farm Mutual Automobile Insurance Company (hereinafter State Farm), struck Carol Ann Anthony, who was walking in a parking area of a shopping center. Frith was intoxicated and Miss Anthony was injured.
She sued, and upon a jury verdict so finding, secured a judgment against Frith for $1,500 in compensatory damages, and $3,500 in punitive damages. No appeal was taken by the defendant.
State Farm paid the compensatory damages, but refused to pay the punitive damages. *868 A writ of garnishment was issued against State Farm, and upon a hearing the circuit judge ruled it was against public policy to require the insurance carrier to pay punitive damages, and dismissed the writ. Miss Anthony appeals.
The insurance policy contains the following pertinent provisions:
COVERAGE A  BODILY INJURY LIABILITY
* * * * * *
To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
(A) bodily injury sustained by other persons, and .. . caused by accident ...; and to defend with attorneys selected by and compensated by the company, any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable hereunder even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient. (Italics in policy).
The trial court was of the opinion the terms of the policy covered punitive damages as well in this instance, although it found it unnecessary to pass upon the contract in view of its finding of a public policy inhibition preventing recovery. We likewise agree the terms of the policy cover punitive damages as well as compensatory damages in this case.
As to there being any public policy in this state against allowing recovery for punitive damages in a case as this under the terms of an insurance contract as set forth herein, however, we disagree with the trial court and find it was not against public policy to require the carrier to pay punitive damages.
There is a division of authority among various states on this question, and cogent arguments support opposing points of view.[1] We believe the better reasoned view is to hold it was not against public policy in this case to require the carrier to pay punitive damages.
REVERSED AND RENDERED WITH JUDGMENT HERE FOR APPELLANT.
PATTERSON, C.J., SMITH and ROBERTSON, P.JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] The point raised by this appeal is of first impression in this state. The question is addressed in the following authorities:

Against Public Policy:
Ging v. American Liberty Ins. Co., 423 F.2d 115 (5th Cir.1970).
American Surety Co. of N.Y. v. Gold, 375 F.2d 523 (10th Cir.1967).
Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir.1962).
Hartford Accident & Indemnity Co. v. U.S. Concrete Pipe, 369 So.2d 451 (Fla.App. 1979).
Gleason v. Fryer, 30 Colo. App. 106, 491 P.2d 85 (1971).
Brown v. Western Casualty & Surety Co., 484 P.2d 1252 (Colo. App. 1971).
Padavan v. Clemente, 43 A.D.2d 729, 350 N.Y.S.2d 694 (1973).
Esmond v. Liscio, 209 Pa. 200, 224 A.2d 793 (1967).
Nicholson v. American Fire & Casualty Ins. Co., 177 So.2d 52 (Fla. 1965).
Crull v. Gleb, 382 S.W.2d 17 (Mo. App. 1964).
Universal Indemnity Ins. Co. v. Tenery, 96 Colo. 10, 39 P.2d 776 (1934).
1 R. Long, The Law of Liability Insurance 1.27 (1966).
28 Hastings Law Journal 431 (1976).
Not Against Public Policy:
Southern Farm Bureau Casualty Ins. Co. v. Daniel, 246 Ark. 849, 440 S.W.2d 582 (1969).
Carroway v. Johnson, 245 S.C. 200, 139 S.E.2d 908 (1965).
Lazenby v. Universal Underwriters Ins. Co., 214 Tenn. 639, 383 S.W.2d 1 (1964).
Travelers Indemnity Co. v. Hood, 110 Ga. 855, 140 S.E.2d 68 (1964).
Davis v. Detroit Automobile Inter-Insurance Exchange, 356 Mich. 454, 96 N.W.2d 760 (1959).
American Fidelity & Casualty Co. v. Werfel, 231 Ala. 285, 164 So. 383 (1935).
7 Appleman, Insurance Law and Practice § 4312 (Supp. 1972).
9 Cumberland Law Review 487 (1978).