455 So.2d 781 (1984)
OLD SECURITY CASUALTY INSURANCE COMPANY, a/k/a American Continental Insurance Company
v.
Cora CLEMMER and Hubert Clemmer.
No. 54272.
Supreme Court of Mississippi.
September 5, 1984.
Charles M. Merkel, Merkel & Cocke, Clarksdale, for appellant.
Robert L. Williams, Hernando, for appellees.
Before PATTERSON, C.J., and DAN M. LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
This action by Cora and Hubert Clemmer seeks to recover liability insurance proceeds for compensatory, punitive, and property damages awarded to the Clemmers against the insured of Old Security Casualty Insurance Company in a previous tort action. To collect the judgment, a writ of garnishment was issued by the Circuit Court of DeSoto County against the insurance company as garnishee. Old Security Casualty Insurance Company appeals from the circuit court judgment asserting that the policy limit for one person with bodily injury was exceeded.

I.
On July 27, 1977 Cora Clemmer was driving an automobile in a northerly direction on U.S. Highway 61 in DeSoto County, Mississippi, following Hubert Clemmer, her husband, who was operating another vehicle. Ezekial Curry was traveling in a southerly direction on the same highway and sideswiped Hubert Clemmer's vehicle and crossed the centerline and struck Cora Clemmer's car in her lane of traffic. Hubert Clemmer sustained no personal injury.
Curry carried liability insurance coverage with Old Security Casualty Insurance Company which provided bodily injury limits of coverage of $10,000.00 for each person per occurrence, and bodily injury limits of $20,000.00 for two or more persons as the result of any one occurrence. The policy also provided property damage coverage up to a limit of $5,000.00 per occurrence.
Cora and Hubert Clemmer filed a tort action against Ezekial Curry. Mrs. Clemmer sought compensatory and punitive damages. Mr. Clemmer sued for property damage to the vehicle driven by his wife and punitive damages for loss of consortium. The jury awarded Mrs. Clemmer *782 $20,000.00 compensatory damages, Hubert Clemmer $10,000.00 property damage, but no damages for loss of consortium. The plaintiffs collectively were awarded punitive damages in the amount of $50,000.00. Neither the defendant nor his insurer appealed.
After the judgment became final, the Clemmers filed a suggestion for writ of garnishment against Old Security as garnishee, which suit was contested and is the subject of this appeal. The trial judge awarded the Clemmers the full amount of $25,000.00 from the limits of all coverages of the policy, including the $20,000.00 "per occurrence" limit for bodily injury and $5,000.00 "per occurrence" property limit. Old Security paid into court $13,800.00 for which it acknowledged liability, but contested the additional award of $10,000.00 for the "per occurrence" bodily injury coverage.
The appellant admits in its brief that the jury verdict to Hubert Clemmer of $10,000.00 would entitle Hubert Clemmer to a judgment against the garnishee defendant in the full amount of the property damage limit of $5,000.00, less any prepaid portion. Likewise, Cora Clemmer is entitled to a judgment against the garnishee defendant for the full amount of the bodily injury limit of $10,000.00 per person, less any prepaid portion by Old Security.

II.
The question addressed here is whether an award of punitive damages to a second person (the husband) invokes the "per occurrence" limit for all damages arising from bodily injuries to "two or more persons as a result of any one occurrence?"
The pertinent provisions of the Old Security Casualty Insurance Company policy in question are as follows:
Coverage A Bodily Injury Liability: Coverage B- Property Damage Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," sustained by any person; injury to or destruction of property, including loss of use thereof, hereinafter called "property damage"; arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile....
The policy further provided a definition for the limits of the company's liability as follows:
Limits of Liability: The limits of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of the company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence. (Emphasis added).
The limit of property damage liability stated in the declarations as applicable to "each occurrence" is the total limit of the company's liability for all damages arising out of injury to or destruction of all property of one or more persons or organizations, including the loss of use thereof, as the result of any one occurrence.
Under the express policy language, the limit of Old Security's liability for "bodily injury" sustained by any one person is $10,000.00. If two or more persons suffer bodily injury, the per occurrence clause of the policy limits Old Security's aggregate bodily injury liability to $20,000.00. That clause never comes into play, however, until there are at least two claimants who have sustained bodily injury. Here there is only one such claimant, Cora Clemmer.
Hubert Clemmer never even made a claim for personal or bodily injuries. His claims for property and punitive damages were successful, while his claim for loss of *783 consortium was denied. For purposes of the insurance policy construction question presented here, Hubert Clemmer's personal injury claim is $0.00. Resort to the $10,000.00 of the bodily injury per occurrence coverage, remaining after Cora Clemmer's claim is honored, may not be had.
Hubert Clemmer's property damage claim resulted in a judgment in his favor in the original trial of $10,000.00. Under the per occurrence property damage coverage, Old Security is liable to Hubert Clemmer for $5,000.00 and $5,000.00 only, a point Old Security concedes.
In executing his order against Old Security, the trial judge relied solely on the holding of this Court in Anthony v. Frith, 394 So.2d 867 (Miss. 1981). In Frith this Court held that the awarding of punitive damages against a liability insurance company was not against public policy.
We reaffirm our holding in Frith that an insurance company's liability "for all damages arising from bodily injury" includes punitive damages. However, the extent or limit of that liability for punitive damage is governed by the agreement of the parties as reflected by the actual language in the policy of insurance.
The policy language with which we are here concerned states the extent of liability for all damages because of bodily injury to one person, Mrs. Clemmer, to be $10,000.00; this limit is exhausted. The policy language states that the extent of liability for all property damage per occurrence for Mr. Clemmer to be $5,000.00; this limit is exhausted.
Nevertheless, the trial judge awarded a judgment against the liability insurance company of $25,000.00 representing the full property damage limit of $5,000.00 and the full per occurrence limit for bodily injury of $20,000.00, notwithstanding the fact that only one of the plaintiffs sustained personal injury. For the reasons explained above, so much of the judgment against Old Security as exceeds $15,000.00 ($10,000.00 bodily injury payment to Cora Clemmer and $5,000.00 property damage payment to Hubert Clemmer) was erroneously entered.
Other jurisdictions have addressed this question. In Williams v. Standard Accident Insurance Co. of Detroit, Michigan, 188 F.2d 206 (5th Cir.1951), the Fifth Circuit interpreted an insurance policy which provided for bodily injury liability of $5,000.00 for each person and $10,000.00 for each accident. Applying Louisiana law, the Court held that "`(E)ach person' refers to the person injured or killed and not to each person who may be damaged as a result of bodily injury inflicted upon or death suffered by one person."
In United Services Auto Association v. Warner, 64 Cal. App.3d 957, 135 Cal. Rptr. 34 (1977) an analogous situation arises. In United Services a man's wife was injured in an accident caused by another's negligence. The husband was not involved in the accident and sustained no bodily injury. He brought an action seeking damages for loss of consortium. The insured's policy provided bodily injury liability coverage of $50,000.00 for each person and $100,000.00 for each occurrence. The issue framed by the California Court was:
Does the claim for loss of consortium arise out of bodily injuries sustained by "one person" (the wife) so as to make the "per person" limit applicable; or is the claim for loss of consortium a claim for bodily injury to a second person (the husband) so as to invoke the "per occurrence" limit for injuries to "two or more persons as a result of any one occurrence." ... .
... .
However, the California courts have uniformly held that the "per person" limit applies to claims for loss of services and other consequential damages to a person related to the person suffering bodily injury in an accident. In Perkins v. Fireman's Fund Indem. Co., [44 Cal. App.2d 427, 112 P.2d 670 (1941)] supra, the wife was injured in an automobile accident and claimed bodily injury; the husband who was not present and not involved in the accident sued for loss of *784 services. In holding that the lower "per person" limit applied to both claims, the court stated: "An insurance policy, like any other contract, must be construed in its entirety and given a reasonable construction. A court cannot seize on the words `one person', and give those terms a distorted meaning, when another clause in the policy expressly states what those terms mean. There is no ambiguity or uncertainty in the language used in the policy. Obviously, the words `one person' refer to the injured person, and the words `one accident' to the injury of several persons, regardless of how many may suffer loss by reason thereof." (Perkins v. Fireman's Fund Indem. Co., supra, 44 Cal. App.2d 427, 431, 112 P.2d 670, 672).
We conclude that the award for punitive damages to Mr. Clemmer, a second claimant, is not a claim for all damages arising because of "bodily injury" of a second person so as to reach the "per occurrence" coverage of this policy.
We, therefore, reverse the judgment of the circuit court insofar as the award of $10,000.00 punitive damages from the "per occurrence" coverage of this policy as exceeding the limits of liability established by the clear language of the policy. We affirm the judgment with reference to the $10,000.00 compensatory damage to Mrs. Cora Clemmer and the $5,000.00 property damage to Hubert Clemmer, less any amount prepaid into the court registry.
AFFIRMED IN PART. REVERSED IN PART.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
WALKER, P.J., and DAN M. LEE and HAWKINS, JJ., specially concur.
DAN M. LEE, Justice, specially concurring:
I have no real argument with the majority opinion; however, because I view today's decision as a significant development in Mississippi jurisprudence, I have chosen to add my thoughts on its impact.
An insurance policy is a contract and as such, the extent of the insurer's liability is governed by that contract. In theory, once a policy has been purchased, there is a reservoir of money in the sum of the policy limit from which all claims are to be paid. Once that reservoir has been emptied the insurer has no further responsibility for the liability of the insured. In short, absent any independent bad faith on the part of the insurer, its liability is limited by the terms of the contract.
The insurance policy in the instant case contains three reservoirs of coverage. The first is in the amount of $10,000. This reservoir represents the total liability of the insured for damages to any single person arising out of bodily injury. The second reservoir surrounds the first. It represents a $20,000 sum from which the insured will be liable for damages to two or more persons arising from bodily injury. The third reservoir is the sum of $5,000 from which the insured covenants to pay all claims arising from property damage. As in all insurance policies, these reservoirs are defined by the nature and extent of the policy coverage.
In Anthony v. Frith, 394 So.2d 867 (Miss. 1981), this Court held that it was not against the public policy to award punitive damages from an insurance company's reservoir of liability where there was an award of compensatory and punitive damages arising from an injury and that reservoir was specifically designated to pay all claims arising from bodily injury. Today we hold that punitive damages are also recoverable from a reservoir specifically designated to pay claims arising from property damage. We also hold that the insurer's liability to pay those claims is limited by the extent of the reservoir or coverage.
The jury determined that Mrs. Clemmer was entitled to $20,000 compensatory damages for her bodily injury. Mr. Clemmer was awarded $10,000 to compensate his property damage; however, he was awarded *785 nothing for loss of consortium or damages arising from a bodily injury. Mr. and Mrs. Clemmer were collectively awarded $50,000 in punitive damages. In order to establish Old Security's extent of liability for the Clemmers' damages it is a simple matter to trace those damages to the appropriate reservoir established by the policy.
Mrs. Clemmer sustained the only bodily injury incurred as a result of this incident. Therefore, the $20,000 reservoir established as the total liability for the bodily injury of two or more persons is not relevant. The $10,000 reservoir established to pay for damages arising from bodily injury to a single individual is the appropriate source of coverage for Mrs. Clemmer's damages. The $5,000 reservoir for coverage of all claims for property damage arising from a single incident is the source Mr. Clemmer must look to for satisfaction of his damages.
As previously stated, once a reservoir of coverage is exhausted an insurer acting in good faith has no further liability. As Mrs. Clemmer's actual damages were determined to be $20,000 and the insurance coverage was limited to $10,000 the reservoir from which she may collect has been exhausted. Old Security cannot be liable for the excess $10,000 in actual damages. By the same token, the extent of Old Security's liability for Mr. Clemmer's $10,000 in property damage is limited to the $5,000 reservoir set aside for that purpose. Having acted in good faith, Old Security has no liability in excess of its policy limits. The trial court awarded the Clemmers $25,000, $20,000 from the per occurrence limit for bodily injury and $5,000 from the per occurrence property damage limit. This was improper. As there was only one person suffering bodily injury, the $20,000 reservoir never came into play. It may not be used to pay any excess in the judgment not covered by the applicable provisions of the policy. Certainly, had Mr. Clemmer's property damage been under the policy limit of $5,000 any difference between his damages and the policy limit could be used to pay his punitive damages. Unfortunately for the Clemmers they have used up the extent of Old Security's liability under the applicable contractually established policy limits. They may not now dip into another reservoir established by the policy which by the terms of that policy is not applicable to the damages suffered by the Clemmers.
Having set forth my views on the subject, I hereby specially concur in the majority opinion.
WALKER, P.J., and HAWKINS, J., join in this opinion.