I have no real argument with the majority opinion; however, because I view today's decision as a significant development in Mississippi jurisprudence, I have chosen to add my thoughts on its impact.
An insurance policy is a contract and as such, the extent of the insurer's liability is governed by that contract. In theory, once a policy has been purchased, there is a reservoir of money in the sum of the policy limit from which all claims are to be paid. Once that reservoir has been emptied the insurer has no further responsibility for the liability of the insured. In short, absent any independent bad faith on the part of the insurer, its liability is limited by the terms of the contract.
The insurance policy in the instant case contains three reservoirs of coverage. The first is in the amount of $10,000. This reservoir represents the total liability of the insured for damages to any single person arising out of bodily injury. The second reservoir surrounds the first. It represents a $20,000 sum from which the insured will be liable for damages to two or more persons arising from bodily injury. The third reservoir is the sum of $5,000 from which the insured covenants to pay all claims arising from property damage. As in all insurance policies, these reservoirs are defined by the nature and extent of the policy coverage.
In Anthony v. Frith, 394 So.2d 867 (Miss. 1981), this Court held that it was not against the public policy to award punitive damages from an insurance company's reservoir of liability where there was an award of compensatory and punitive damages arising from an injury and that reservoir was specifically designated to pay all claims arising from bodily injury. Today we hold that punitive damages are also recoverable from a reservoir specifically designated to pay claims arising from property damage. We also hold that the insurer's liability to pay those claims is limited by the extent of the reservoir or coverage.
The jury determined that Mrs. Clemmer was entitled to $20,000 compensatory damages for her bodily injury. Mr. Clemmer was awarded $10,000 to compensate his property damage; however, he was awarded *Page 785 
nothing for loss of consortium or damages arising from a bodily injury. Mr. and Mrs. Clemmer were collectively awarded $50,000 in punitive damages. In order to establish Old Security's extent of liability for the Clemmers' damages it is a simple matter to trace those damages to the appropriate reservoir established by the policy.
Mrs. Clemmer sustained the only bodily injury incurred as a result of this incident. Therefore, the $20,000 reservoir established as the total liability for the bodily injury of twoor more persons is not relevant. The $10,000 reservoir established to pay for damages arising from bodily injury to a single individual is the appropriate source of coverage for Mrs. Clemmer's damages. The $5,000 reservoir for coverage of all claims for property damage arising from a single incident is the source Mr. Clemmer must look to for satisfaction of his damages.
As previously stated, once a reservoir of coverage is exhausted an insurer acting in good faith has no further liability. As Mrs. Clemmer's actual damages were determined to be $20,000 and the insurance coverage was limited to $10,000 the reservoir from which she may collect has been exhausted. Old Security cannot be liable for the excess $10,000 in actual damages. By the same token, the extent of Old Security's liability for Mr. Clemmer's $10,000 in property damage is limited to the $5,000 reservoir set aside for that purpose. Having acted in good faith, Old Security has no liability in excess of its policy limits. The trial court awarded the Clemmers $25,000, $20,000 from the per occurrence limit for bodily injury and $5,000 from the per occurrence property damage limit. This was improper. As there was only one person suffering bodily injury, the $20,000 reservoir never came into play. It may not be used to pay any excess in the judgment not covered by the applicable provisions of the policy. Certainly, had Mr. Clemmer's property damage been under the policy limit of $5,000 any difference between his damages and the policy limit could be used to pay his punitive damages. Unfortunately for the Clemmers they have used up the extent of Old Security's liability under the applicable contractually established policy limits. They may not now dip into another reservoir established by the policy which by the terms of that policy is not applicable to the damages suffered by the Clemmers.
Having set forth my views on the subject, I hereby specially concur in the majority opinion.
WALKER, P.J., and HAWKINS, J., join in this opinion.