McRAE, Justice,
concurring in part and dissenting in part:
I agree with the majority opinion except with regard to its determination that the facts of the case do not warrant imposition of punitive damages against Southwest, and its reversal of that award.
• Southwest has not challenged the merits of the punitive damages award either in its brief or its reply brief. Rather, the entire sum and substance of the appellant’s argument on this point is whether Southwest, a community hospital, is subject to the imposition of punitive damages against it or whether it is protected by sovereign immunity. Indeed, in Section III of its opinion, following our decision fifteen years ago in Anthony v. Frith, 394 So.2d 867, 868 (Miss.1981), the majority finds that Southwest is liable for punitive damages to the extent provided for in its liability insurance policy. Nevertheless, without any reason for its finding or any citation of authority, the majority simply concludes that the award of punitive damages was unsupported by the facts of the case, stating:
In the case at bar, however, we do not believe the facts support a punitive damages award against Southwest. For that reason, we reverse the award of punitive damages. Alternatively, were punitive damages affirmed, the award should only be allowed to the extent of the insurance coverage in existence. (Op. at 1267; see also, Op. at 1259).
Even if the merits of the award were properly before this Court, we would have to find that yes, the evidence does support an award for punitive damages. In our analysis of extra-contractual damages, we have drawn a line between damages for emotional distress, which the majority did affirm, and punitive damages, often recognizing that compensation for emotional distress — “devastation,” anxiety, insomnia, etc. — may be warranted even when an award for punitive damages is not. Universal Life Insurance Co. v. Veasley, 610 So.2d 290, 295 (Miss.1992). An award of punitive damages in a breach of contract case requires that the breach be accompanied by an intentional wrong, insult, abuse or such gross negligence as to rise to the level of an independent tort. Peoples Bank and Trust Co. v. Cermack, 658 So.2d 1352, 1361 (Miss.1995); Strickland v. Rossini 589 So.2d 1268, 1273 (Miss.1991). In this ease, Southwest’s refusal to pay workers’ compensation through its self-insurance plan contrary to the benefits outlined in the Employee Handbook and its termination of Lawrence’s employment in response to her request for benefits could certainly be interpreted by a reasonable jury as amounting to an independent intentional tort.
In Willard v. Paracelsus Health Care Corp., 681 So.2d 539 (Miss.1996), this Court unanimously found that where two employees of a community hospital were discharged contrary to terms of the employee handbook and policy and procedures manual, in addition to a punitive damages instruction on the former employees’ charges of retaliatory discharge, the jury further should have been instructed on damages for tortious breach of contract:
It is possible that a reasonable jury could find an intentional wrong here necessitating the imposition of punitive damages. The trial courts may consider submitting a punitive instruction to the jury on this basis as well.
Willard, 681 So.2d at 544. As in Mrs. Lawrence’s case, employees of a community hospital were treated contrary to provisions of the employee handbook. The facts in the case sub judice are no less egregious than those in Willard. Accordingly, the majority errs in concluding, almost as an afterthought and without discussion or citation of authority, that the award of punitive damages to Lawrence was unwarranted and should be *1274 reversed. Therefore, I disagree with that part of the majority opinion.
SULLIVAN, P.J., and BANKS, J., join this Opinion.