# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-01023-SCT

*SHELTER MUTUAL INSURANCE COMPANY*
*AND SHELTER GENERAL INSURANCE*
*COMPANY*

*v.*

*GEORGE DALE, COMMISSIONER OF*
*INSURANCE, STATE OF MISSISSIPPI, AND*
*MISSISSIPPI DEPARTMENT OF INSURANCE*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/19/2004 |
| TRIAL JUDGE: | HON. PATRICIA D. WISE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | JOHN C. HENEGAN |
| | KAREN LIVINGSTON-WILSON |
| | PATRICK RYAN BECKETT |
| ATTORNEYS FOR APPELLEES: | PETER W. CLEVELAND |
| | MARY JO WOODS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 10/27/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE COBB, P.J., CARLSON AND DICKINSON, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     This is a dispute over two proposed amendatory endorsements to automobile insurance policies submitted by two insurance companies for approval by the State Department of Insurance. The question presented is whether Mississippi law requires automobile liability policies written in Mississippi to cover punitive damages awarded against insureds.

## FACTS AND BACKGROUND PROCEEDINGS

¶2.     On April 12, 2002, Shelter Mutual Insurance Company and Shelter General Insurance Company (hereinafter collectively referred to as "Shelter") requested approval by the Mississippi Department of Insurance ("DOI") of amendatory endorsements to their respective Mississippi automobile insurance private passenger policies. The purpose of the amendments was to exclude "any liability under the policies for damages assessed against an insured in the form of punitive damages."

¶3.     Although DOI Commissioner George Dale initially approved both amendatory endorsements, he reversed his position and withdrew approval. In his March 21, 2003, order, Commissioner Dale stated:

> The Mississippi Supreme Court has ruled that an automobile liability policy which provides the insurer will pay all sums which the insured becomes legally obligated includes coverage for punitive damage awards. Anthony v. Frith and State Farm Mutual Automobile Insurance Company, 394 So. 2d 867 (Miss. 1981).

> Based upon the interpretation of Anthony v. Frith of Mississippi's standard liability insurance statute, an Attorney General's Opinion was issued explicitly stating that Mississippi law does not provide for the exclusion of punitive damages from insurance policies for automobile liability claims. Dale, Oct. 5, 2001, A.G. Op. #01-0660.

> It is the finding of the Commissioner that there is no statutory or legal basis to allow an exclusion of punitive damages from a standard automobile liability insurance policy. As there is no statutory or legal basis for such an exclusion, the Shelter Mutual Filing and Shelter General Filing violate Miss Code Ann. § 83-2-11 (11)(a).

¶4.     After requesting a hearing to appeal the withdrawal of approval, Shelter waived the requirement of a hearing and unsuccessfully appealed to the Chancery Court of the First

2

Judicial District of Hinds County.  Affirming the Commissioner's order in her April 19, 2004, order, Chancellor Patricia D. Wise held:

> The Court finds that the Commissioner's Order in this case, based upon the Attorney General's well reasoned Opinion and statutory analysis under Mississippi Supreme Court case law, was supported by substantial evidence and was neither arbitrary nor capricious.
> ...
>
> [T]he Court concludes that the language of Miss. Code Ann. § 63-15-43(2)(b), requiring coverage for "all sums the insured shall become legally obligated to pay as damages arising out of the ownership, maintenance or use of such motor vehicle," is broad enough to be read as specifically including coverage for punitive damages.

¶5.     It is from this adverse chancery court ruling that Shelter now appeals to this Court.

**ANALYSIS**

¶6.     While this Court gives deference to the decisions of an administrative agency, we will not hesitate to reverse an agency's decision found to be "(1) unsupported by substantial evidence; (2) arbitrary or capricious; (3) beyond the power of the administrative agency to make; or (4) in violation of some statutory or constitutional right of the complaining party." *Am. Federated Life Ins. Co. v. Dale,* 701 So.2d 809, 811 (Miss. 1997) (citing *Miss. Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors*, 621 So.2d 1211, 1215 (Miss. 1993)).

¶7.     We begin our analysis by pointing out that the issue presented is not whether the Legislature has the prerogative to require that automobile insurance policies written in Mississippi cover awards of punitive damages, but rather whether it has actually done so.

3

*Anthony v. Frith*

¶8.     Commissioner Dale based his denial of the amendatory endorsements on our holding in ***Anthony v. Frith.***  In that case, State Farm Mutual Automobile Insurance Company refused to pay a punitive damage award against its insured, despite very general language in its policy which provided that State Farm would pay "all sums which the insured shall become legally obligated to pay."  This Court held that, *under such policy terms*, it was not against public policy to require State Farm to pay punitive damages.  Specifically, this Court stated:

> As to there being any public policy in this state against allowing recovery for punitive damages in a case as this under the terms of an insurance contract as set forth herein, however, we disagree with the trial court and find it was not against public policy to require the carrier to pay punitive damages.

***Anthony v. Frith***, 394 So. 2d 867, 868 (Miss. 1981).  This Court did not hold that State Farm was required by statute to cover punitive damages.  Nor did it hold that an insurance company is prohibited from excluding coverage for punitive damages.  Indeed, then-Justice Hawkins, the author of ***Anthony v. Frith***, was later (as Chief Justice of the Court) to state:

> In *Anthony v. Frith* we simply took the view that there is no public policy against an insurance policy by its language covering punitive damages. As the author of that opinion, I saw grave ethical problems which might confront a lawyer during trial defending an insured in the absence of clear language in the policy excluding punitive damages. Nothing in ***Anthony v. Frith*** implied that a liability insurance carrier was required to cover punitive damages along with compensatory damages, and in *Old Sec. Cas. Ins. Co. v. Clemmer*, 455 So. 2d 781 (Miss. 1984), we clearly held the policy could exclude punitive damages.

4

*James W. Sessums Timber Co. v. McDaniel*, 635 So. 2d 875, 883 (Miss. 1994) (Hawkins, C.J., dissenting) (citation omitted). In *Clemmer*, cited by Chief Justice Hawkins, this Court stated:

> We reaffirm our holding in *Frith* that an insurance company's liability "for all damages arising from bodily injury" includes punitive damages. However, the extent or limit of that liability for punitive damages is governed by the agreement of the parties as reflected by the actual language in the policy of insurance.

455 So. 2d at 783.

¶9. Clearly, this Court has not previously held that an insurance company is prohibited from excluding coverage for punitive damages.

*Miss. Code Ann. § 63-15-43(2)(b)*

¶10. At the heart of the decision of the chancery court is the presumption that the language of Miss. Code Ann. § 63-15-43(2)(b) requires coverage for punitive damages. The key language of the statute provides:

> (2) Such owner's policy of liability insurance:
> * * *
> (b) shall pay on behalf of the insured named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, all sums which the insured shall become legally obligated to pay as damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, *subject to limits* exclusive of interest and costs, with respect to each such motor vehicle, as follows: ten thousand dollars ($10,000.00) because of bodily injury to or death of one (1) person in any one (1) accident and, subject to said limit for one (1) person, twenty thousand dollars ($20,000.00) because of bodily injury to or death of two (2) or more persons in any one (1) accident, and five thousand dollars ($5,000.00) because of injury to or destruction of property of others in any one (1) accident.

Miss. Code Ann. § 63-15-43(2)(b).[1]

¶11. Within the same sentence, the statute requires the insurer to pay "*all sums* which the insured shall become legally obligated to pay as damages . . . *subject to limits*, . . . as follows: ten thousand dollars ($10,000.00) because of bodily injury to or death of one (1) person . . , twenty thousand dollars ($20,000.00) because of bodily injury to or death of two (2) or more persons . . , and five thousand dollars ($5,000.00) because of injury to or destruction of property. . . ." Other than those placed on bodily injury, death and property, there are no monetary limitations found within the statute which could reasonably be said to apply to punitive damages.[2] Therefore, either:

> (1) The statute mandates coverage for all kinds of damages (including punitive damages), with a specific express limit or cap only for bodily injury, death and property damage, and no limit or cap for punitive damages; or
>
> (2) The statute mandates coverage for all sums (including punitive damages), with a specific express limit or cap for bodily injury, death and property damage, and an implied, unstated limit or cap for punitive damages; or
>
> (3) The statute applies only to damages for bodily injury, death and property damage, which are the only kinds of damages specifically mentioned in the statute, and has no application to punitive damages.

---

[1]During its 2005 regular session, the Legislature amended this chapter of the Mississippi Code to increase the limits to $25,000 for death or injury to one person and $50,000 for death or injury to two or more persons in one accident. 2005 Miss. Laws ch. 483.

[2]The dissent states that, properly interpreted, "§ 63-15-43(2)(b) requires that Shelter cover punitive damages in their automobile liability insurance policies." The dissent further states, "The statute specifically allows for the inclusion of punitive damages. . . ." We find no such provisions within the statute. The dissent also says the Legislature's "initial purpose" of its 2005 amendment was "to increase the minimum coverage amounts for motor vehicle liability insurance." However, the portion of the quoted language omitted by the dissent clearly specifies that the coverage amounts referred to are for bodily injury, death and property damage. The Legislature makes no reference to punitive damages in the statute or in the title of House Bill 722, Laws of 2005.

¶12. The first interpretation would allow an insurance carrier to limit coverage to $10,000 for bodily injury or death, and $5,000 for property damage, but makes no allowance for policy limits for other kinds of damages, including punitive damages. Thus, under this interpretation, despite an insurance carrier's $10,000 policy limit, the carrier would be required to pay the full amount of any punitive damage award. For instance, if a jury awarded $100,000 in actual damages (for bodily injury) and $500,000 in punitive damages, an insurance carrier with a $10,000/20,000 limit policy would be required to pay its policy limits of $10,000 in actual damages, together with the full award of $500,000 in punitive damages. We do not find the language of the statute provides for such a result.

¶13. The second interpretation requires us to amend the statute to include a limit or cap for punitive damages. This Court has no power to amend statutes.

¶14. The third interpretation is true to the wording of the statute and applies to the kinds of damages specifically named in the statute without implying that other kinds of damages should have been added to the list.

¶15. Significantly, the statute relied upon by the Chancery Court, the Insurance Commissioner, and the Attorney General, has been in place since 1972. Thus, were we to interpret the statute as the Commissioner and the Attorney General suggest, we would be required to abandon the position taken by this Court in both *McDaniel* and *Clemmer*, since both cases were decided long after the effective date of the statute.

¶16. The subject matter of the statute is bodily injury, death and destruction of property. The statute requires an insurer to pay all sums for those losses, subject to specific limits set

7

by the Legislature, with no mention of "punitive damages" within those limits. Furthermore, interpreting the language of Miss. Code Ann. § 63-15-43(2)(b) to include unspecified damages (including punitive damages) would render Miss. Code Ann. § 63-15-43(7) a nullity, insofar as it specifically allows an insurance company to provide additional coverage which "shall not be subject to the provisions of this chapter."

¶17.    This Court has enunciated the now-familiar principle that "where a statute enumerates and specifies the subject or things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned or under a general clause." *Southwest Drug Co. v. Howard Bros. Pharmacy of Jackson, Inc.,* 320 So.2d 776, 779 (Miss. 1975) (citing *Akers v. Estate of Johnson*, 236 So.2d 437 (Miss. 1970)). Since the statute at issue "enumerates and specifies the subject or things upon which it is to operate," that is, it specifically lists bodily injury, death and destruction of property, "it is to be construed as excluding from its effect all those not expressly mentioned," that is, punitive damages.

¶18.    Commissioner Dale asserts that the word "all" in Miss. Code Ann. § 63-15-43(2)(b) contemplates and, indeed, requires coverage for every kind of damage awarded against an insured, including punitive damages. The Commissioner's argument, however, overlooks the fact that within the same sentence within the statute, the Legislature set specific limits for very specific kinds of damages.[3]

   *The Attorney General opinion*

---

[3]The statute specifically refers to damages for bodily injury, death and destruction of property. It makes no mention of punitive damages. See Miss. Code Ann. § 63-15-43(2)(b).

8

¶19. Commissioner Dale reversed his initial decision based on an Attorney General opinion which determined "Mississippi law does not provide that punitive damages can be excluded from insurance policies for automobile liability claims." Dale, Oct. 5, 2001, Miss. A.G. Op.#01-0660, 2001 WL 1513775. The Attorney General based his opinion on *State Farm Mut. Auto. Ins. Co. v. Daughdrill*, 474 So. 2d 1048 (Miss. 1985).

¶20. Even though "Attorney General opinions are not binding, they are certainly useful in providing guidance to this Court." *In re Assessment of Ad Valorem Taxes on Leasehold Interest Held by Reed Mfg., Inc. ex rel. Itawamba County Bd. of Sup'rs,* 854 So.2d 1066, 1071 (Miss. 2003) (citing *City of Durant v. Laws Constr. Co.*, 721 So.2d 598, 604 (Miss. 1998)).

¶21. We find that, although the Attorney General correctly interpreted the *Daughdrill* decision, he incorrectly applied its holding to the issue presented to him. In *Daughdrill*, the United States Court of Appeals for the Fifth Circuit certified to this Court the question of whether Mississippi law mandated punitive damage coverage for uninsured motorists policies. Answering in the negative, this Court carefully limited its decision to uninsured motorists policies by concluding:

> We hasten to state that the issue determined today has no relation to a charge of bad faith refusal to pay such a claim by the insurer or to a claim for punitive damages under liability coverage other than that of an uninsured motorist. We address the narrow issues presented.

*Daughdrill*, 474 So. 2d at 1054. In answering the certified question, this Court analyzed statutory and case law for uninsured motorists and the public policy behind punitive damages. The *Daughdrill* Court distinguished *Anthony*, insofar as it held that public policy

9

*does not prevent* an insurance company's liability for punitive damages for acts of its insured. The determination by the ***Anthony*** Court that the statute *does not prevent* punitive damages is far different from a determination that the statute *requires* coverage for punitive damages.

¶22. We hold that the Attorney General erroneously interpreted this Court's opinion in ***Daughdrill*** as an indication that this Court would hold that punitive damages are required by statutory law. However, the ***Daughdrill*** decision, by its very specific language, addressed only the narrow question presented to it.

## CONCLUSION

¶23. We hold that Mississippi law does not prevent Shelter from excluding coverage for punitive damages by amendatory endorsement to its automobile liability policies. Both the Commissioner and the chancellor erred in concluding otherwise. Accordingly, the judgment of the Chancery Court of the First Judicial District of Hinds County is reversed, and this case is remanded to the chancery court with instructions to vacate the Order of the Commissioner and to remand this action to the State Department of Insurance for action consistent with this opinion.

¶24. **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND RANDOLPH, JJ., CONCUR. EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. GRAVES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY EASLEY, J. DIAZ, J., NOT PARTICIPATING.**

**GRAVES, JUSTICE, DISSENTING:**

10

¶25. The majority concludes that Mississippi law does not require automobile insurance companies to cover punitive damages in their liability insurance policies. I respectfully dissent from this holding.

¶26. The majority recognizes the Legislature's power to require that automobile insurance policies written in Mississippi cover awards of punitive damages. However, the majority fails to properly analyze the intent of the Legislature when it adopted Miss. Code Ann. § 63-15-43(2)(b). It is a truism that the legislative intent is the guide in statutory construction. *Bridges v. Barr*, 245 Miss. 137, 146 So.2d 544 (1962) (citing *Quitman County v. Turner,* 196 Miss. 746, 759, 18 So.2d 122 (1944)). Whether the statute is ambiguous or not, the ultimate goal of this Court in interpreting a statute is to discern and give effect to the legislative intent. *Allred v. Yarborough,* 843 So.2d 727, 729 (Miss. 2003) (citing *City of Natchez v. Sullivan,* 612 So.2d 1087, 1089 (Miss. 1992)). "It is a general rule in construing statutes this Court will not only interpret the words used, but will consider the purpose and policy which the legislature had in view of enacting the law." *State ex rel. Hood v. Madison County ex rel. Madison County Board of Supervisors,* 873 So.2d 85, 88 (Miss. 2004) (citing *Aikerson v. State*, 274 So.2d 124, 127 (Miss. 1973)).

¶27. In House Bill 722 adopted at its 2005 Regular Session, the Legislature has amended § 63-15-43. 2005 Miss. Laws ch. 483, § 4. The title to that act states:

> **AN ACT TO AMEND SECTIONS 63-15-3, 63-15-11, 63-15-31, AND 63-15-43.** MISSISSIPPI CODE OF 1972, TO INCREASE THE STATUTORY MINIMUM FOR MOTOR VEHICLE LIABILITY INSURANCE COVERAGE IN ANY ONE ACCIDENT FROM $10,000.00 TO $25,000.00 FOR BODILY INJURY TO OR DEATH OF ONE PERSON, FROM $20,000.00 TO $50,000.00 FOR BODILY INJURY TO OR DEATH OF

11

TWO OR MORE PERSONS AND FROM $5,000.00 TO $25,000.00 FOR INJURY TO OR DESTRUCTION OF PROPERTY OF OTHERS; TO AMEND SECTION MISSISSIPPI CODE OF 1972, TO PROVIDE THAT A PORTION OF THE FINES LEVIED IN MUNICIPAL COURT OR ANY OF THE COURTS OF THE COUNTY ON PERSONS WHO DO NOT HAVE PROOF OF AUTO LIABILITY INSURANCE SHALL BE DEPOSITED IN THE GENERAL FUND OF THE MUNICIPALITY OR THE COUNTY; AND FOR RELATED PURPOSES.

(Emphasis added). The Legislature immediately identifies its initial purpose in amending the named statutes - "to increase the minimum coverage amounts for motor vehicle liability insurance." However, in its second interpretation of § 63-15-43(2)(b), the majority misconstrues the statute in such a way as to give the impression that the Legislature ambiguously drafted the statute as to allow an implied, unstated limit or cap for punitive damages. In its third attempt to interpret the meaning of the statute, the majority concludes that the statute applies only to damages for bodily injury, death and property damage, which are the only kinds of damages specifically mentioned in the statute, disallowing punitive damages. Both interpretations are inherently incorrect. The statute specifically provides for the inclusion of punitive damages at defined maximum numerical limits, and the intent of the Legislature was not to create a definitive listing as to the types of damages encompassed by the statute, but to specify and enumerate monetary limits associated with various losses.

¶28.    I recognize the principle as stated in *Southwest Drug Co. v. Howard Bros. Pharmacy of Jackson, Inc.,* 320 So.2d 776, 779 (Miss. 1975) (citing *Akers v. Estate of Johnson*, 236 So.2d 437 (Miss. 1970)), that "where a statute enumerates and specifies the subject or things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned or under a general clause." However, the subject matter

12

of § 63-15-43(2)(b) is not bodily injury, death, and destruction of property. The subject matter of the statute is the (newly increased) numerical limits as applied to the general and broad term "damages." The prepositional phrase "subject to limits"[4] refers to the monetary amounts enumerated and specified in the list and not bodily injury, death, or destruction of property; it effectively modifies and quantifies the words "all sums" and "damages" not to affect their general meaning, but to provide a clear indication of numerical liability on behalf of the insurer. Therefore, all sums for damages (including punitive damages), which an automobile liability insurer is legally obligated to pay, are limited to the amounts specified in the statute.

¶29. Using proper statutory construction and recognizing the intent of the Legislature, I conclude that, correctly interpreted, § 63-15-43(2)(b) requires that Shelter cover punitive damages in their automobile liability insurance policies. Therefore, I would affirm the chancellor's judgment.

**EASLEY, J., JOINS THIS OPINION IN PART.**

---

[4]In this phrase, the object of the preposition is the word "limits." Here, "limits" functions as a noun, meaning a prescribed maximum or minimum amount, quantity, or number. It does not mean something that is bound, restrained, or confined. This conclusion is reached by examining the phrase as a whole, "*subject to limits exclusive of interests and costs.*" (Emphasis added).

13