IRVING, J„
for the Court.
¶ 1. James Godbold was convicted of first offense driving under the influence (DUI) by the Water Valley, Mississippi, Municipal Court and was sentenced to pay a $751 fine. Aggrieved, Godbold appealed his conviction to the Yalobusha County Circuit Court, which conducted a trial de novo. The circuit court also found Godbold guilty. Godbold now appeals, and asserts (1) that the proper procedures were not followed when his blood alcohol content was tested with the Intoxilizer 8000, and (2) that the citation issued to him was flawed because it did not include the physical address of the courthouse.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Godbold was involved in a two-vehicle accident on May 14, 2005, in Water Valley, Mississippi. Water Valley Police Officer Marshall Jackson questioned Godbold at the scene and noted the strong smell of alcohol coming from Godbold’s breath. According to Officer Jackson, Godbold admitted to drinking earlier in the night at a local restaurant. Officer Jackson also noted that Godbold’s speech was slowed and that his eyes were bloodshot. After Godbold tested positive for the presence of alcohol on a portable test at the scene, Godbold was taken into custody'and transported to the Yalobusha County Sheriffs Department. While there, Godbold’s blood alcohol content was tested using the Intoxilizer 8000, which showed a .11 saturation.
*135 ¶ 4. Additional facts, if necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Intoxilizer 8000 Test

¶ 5. Godbold first contends that the court erred in allowing the admission of his Intoxilizer 8000 test results. Specifically, Godbold asserts that a statutorily-required fifteen-minute observation period was not performed in this case. Godbold bases this contention on the fact that the test indicates that the official observation period began at 12:13 a.m., while the actual test began at 12:26 a.m., only thirteen minutes later.
¶ 6. This argument fails because Godbold did not blow into the machine at the start of the test. After thirteen minutes had passed, the report indicates that preliminary matters were done on the machine, such as calibration. Godbold then blew into the machine twice — once at 12:38 a.m., and once at 12:40 a.m. The 12:40 a.m. test yielded the lowest result, .11, and Godbold was charged with DUI on the basis of that test. Therefore, the record clearly reflects that the test in question began twenty-seven minutes after the observation period began, well beyond the statutorily-required fifteen-minute waiting period. Godbold has presented no evidence to suggest that the observation of him did not continue as the machine was calibrated in preparation for his test. The relevant statute, Mississippi Code Annotated section 63-11-5(1) (Rev.2004), states only that no test can be given “within fifteen minutes of consumption of any substance by mouth.” Clearly, Godbold was observed for over fifteen minutes and was not observed to consume “any substance by mouth.”
¶ 7. Admission of evidence, including DUI test results, is “largely within the discretion of the trial court and reversal may be had only where that discretion has been abused.” McIlwain v. State, 700 So.2d 586, 590(¶ 17) (Miss.1997) (quoting Johnston v. State, 567 So.2d 237, 238 (Miss.1990)). The proper predicate, as outlined in Mcllwain, was established in this case to allow admission of the test results. See id. at 590(¶ 18). Specifically, the proper procedures were followed, the administrator of the test was certified to perform the test, and the machine had been properly certified.
¶ 8. This contention is without merit.

2. Sufficiency of the Citation

¶ 9. Godbold contends that the citation issued him was insufficient because it contained a post office box address for the Water Valley Municipal Court rather than a physical address. As support for his argument, Godbold cites Mississippi Attorney General Opinion No.2006-00216, which states: “There is no statutory requirement referencing ‘address’ on the traffic ticket. However it is the opinion of this office that the ‘address’ must be the physical address of the applicable court.... The mailing address ... may also be included in addition to the physical address.” However, Godbold admits that the relevant statute, Mississippi Code Annotated section 63-9-21 (Rev.2004), contains no requirement that a citation contain a court’s physical address.
¶ 10. We note at the outset that the above opinion was rendered on June 2, 2006, after the resolution of Godbold’s case. Therefore, the opinion could not have been used as guidance in the issuance of the citation in Godbold’s case. Furthermore, opinions issued by the Attorney General are merely advisory and are not binding on courts. See Shelter Mut. Ins. Co. v. Dale, 914 So.2d 698, 703(¶ 19) (Miss.2005). The Mississippi Supreme Court *136 has stated that a citation that contains all of the information required by section 63-9-21, and that has been properly filed and attested to by the issuing officer, constitutes a “sworn affidavit.” Wheeler v. Stewart, 798 So.2d 386, 390(¶ 8) (Miss.2001). Finally, any error in the citation for not including the physical address of the court was clearly harmless and does not require a reversal of this case. Godbold has alleged no prejudice resulting from the absence of the court’s physical address on his citation.
¶ 11. This issue is also without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY OF CONVICTION OF DRIVING UNDER THE INFLUENCE FIRST OFFENSE AND SENTENCE OF NO JAIL TIME AND A FINE OF $751 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.