GRAVES, Presiding Justice,
Dissenting:
¶ 21. I disagree with the majority’s holding that the Mississippi Department of Health’s school in Ellisville, Mississippi, is immune from liability for the injuries suffered by the plaintiff. While governmental entities enjoy immunity from liability on claims based on specified circumstances, the circumstances in this case are not protected. Therefore, I respectfully dissent, and would affirm the trial court’s order denying defendant’s motion for summary judgment.
¶ 22. Mississippi Code Section 11-46-9 delineates more than two dozen circumstances where “a governmental entity and its employees ... shall not be liable for any claims.” Miss.Code Ann. § 11^16-9 (Rev.2002). However, the circumstances herein are not among those which are explicitly enumerated in the statute. Mississippi Code Section 11 — 46—9(l)(v) states in part:
(1) A governmental entity and its employees acting within the course and scope of the employment or duties shall not be liable for any claim:
[[Image here]]
(v) Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care....
Miss.Code Ann. § ll-46-9(l)(v) (Rev. 2002).
¶ 23. In the instant case, the allegation is that there was a dangerous condition on the premises at Ellisville State School and that the dangerous condition was caused by the negligent or other wrongful conduct of an employee(s) of the school.
¶ 24. Inasmuch as the code section is lengthy and explicit in delineating those categories of circumstances where immunity exists, it is reasonable to conclude that if the Legislature had intended to provide immunity in circumstances where a dangerous condition is caused by a government employee, then it would have done so. Shelter Mut. Ins. Co. v. Dale, 914 So.2d 698 (Miss.2005).[17] It did not. Thus, I would find that the appellee is not entitled to summary judgment on the issue of immunity.
¶ 25. Accordingly, I must dissent, and would affirm the trial court’s denial of MDMH’s motion for summary judgment.
RANDOLPH, KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.

. Quoting Southwest Drug Co. v. Howard Bros. Pharmacy of Jackson, Inc., 320 So.2d 776, 779 (Miss.1975) for the principle that "where a statute enumerates and specifies the subject or things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned or under a general clause.”