# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-01572-SCT

*RICHARD RYLEE AND BETH RYLEE*

*v.*

*PROGRESSIVE GULF INSURANCE COMPANY*
*AND USAA CASUALTY INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/22/2015 |
| TRIAL JUDGE: | HON. RICHARD W. McKENZIE |
| TRIAL COURT ATTORNEYS: | EDWARD C. TAYLOR |
| | KRISTI ROGERS BROWN |
| | CECIL MAISON HEIDELBERG |
| | CHUCK McRAE |
| | SETH CLAYTON LITTLE |
| | DAWN DAVIS CARSON |
| | GRETA LYNETTE KEMP |
| | RUSSELL BARTON JORDAN |
| | HAL SCOT SPRAGINS, JR. |
| | JAMES NELSON SCARFF, II |
| | GINNY Y. KENNEDY |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | CHUCK McRAE |
| | SETH CLAYTON LITTLE |
| | CHRISTOPHER ANTHONY BAMBACH |
| ATTORNEYS FOR APPELLEES: | CECIL MAISON HEIDELBERG |
| | EDWARD C. TAYLOR |
| | KRISTI ROGERS BROWN |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED- 03/09/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE WALLER, C.J., KITCHENS AND MAXWELL, JJ.

## MAXWELL, JUSTICE, FOR THE COURT:

¶1. Beth Rylee's husband, Richard Rylee, was injured in a motorcycle accident. After the Rylees received the full "each person" policy limit for damages resulting from Richard's bodily injury, the Rylees sued their two insurers. They claimed Beth was entitled to her *own* each-person policy limit for her "separate and distinct" loss-of-consortium claim. But both the language of the relevant policies and this Court's precedent are clear. If there is only *one* person who suffers bodily injury in an accident, then all claims based on that person's bodily injury are included in the each-person policy limit.

¶2. Only Richard was injured in the accident—Beth was not even there. So her loss-of-consortium claim fell under the each-person policy limit for damages arising from Richard's bodily injury, which the two defendant insurance companies have already satisfied.

¶3. We affirm the circuit court's grant of summary judgment to the two insurers.

## Background Facts and Procedural History

¶4. The facts are not disputed. On January 19, 2011, Richard's motorcycle and Jessica Brashier's vehicle crashed in Laurel, Mississippi. Richard was injured. His wife Beth was not with him during the accident.

### I. Auto Insurance Policies

¶5. The collision triggered three insurance policies:

(1) Brashier's policy with State Farm, which provided a liability limit of $25,000 per person;

(2) Richard's policy with Progressive Gulf Insurance Company, which covered his motorcycle and provided uninsured-motorist coverage with a $25,000 per-person and $50,000 per-accident limit; and

(3) Richard's policy with United Services Automobile Association (USAA), which covered two other vehicles and provided uninsured-motorist coverage for each vehicle with a $25,000 per-person and $50,000 per-accident limit.

¶6. State Farm tendered Richard the $25,000 per-person policy limit. It was not a party in the underlying lawsuit and, thus, is not a part of this appeal. USAA also tendered Richard $50,000 in uninsured-motorist coverage—$25,000 per person for each of the two vehicles covered. But Progressive, as the primary insurer, tendered no uninsured-motorist coverage. Instead, because Brashier's insurer had paid $25,000 in liability coverage, Progressive claimed the right to offset completely its policy's $25,000 per-person uninsured-motorist coverage. *See* ***U.S. Fid. & Guar. Co. v. Ferguson***, 698 So. 2d 77, 81 (Miss. 1997) (citing ***State Farm Mut. Auto. Ins. v. Kuehling***, 475 So. 2d 1159 (Miss. 1985)) (recognizing the insurer's right to offset uninsured-motorist benefits by the amount paid by the tortfeasor's carrier).

## II. Lawsuits

¶7. On May 22, 2013, Beth filed a loss-of-consortium action against Brashier, Progressive, and USAA. Both Progressive and USAA filed for summary judgment. They argued Beth's derivative loss-of-consortium claim fell under the $25,000 policy limit for "each person," which had been offset by the State Farm payment in Progressive's case and already tendered in USAA's case.

¶8. A year after his wife, Richard also filed suit against Brashier, Progressive, and USAA. Progressive and USAA filed motions for summary judgment in that action as well.

¶9. After consolidating the two suits, the circuit court granted summary judgment to both Progressive and USAA. The circuit court certified its judgment in favor of the two insurers as final and appealable. *See* M.R.C.P. 54(b) (providing that a decision disposing of less than all defendants is not final, unless certified as final).

¶10. The Rylees timely appealed, prompting this Court's de novo review. *See Robichaux v. Nationwide Mut. Fire Ins.*, 81 So. 3d 1030, 1035 (Miss. 2011) (applying a de novo standard of review to the decision to grant summary judgment); *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009) (holding the interpretation of an insurance policy is a question of law, which is reviewed de novo).

## Discussion

¶11. On appeal, the Rylees do not challenge the circuit court's finding that *Richard* has received full policy limits from Progressive (through setoff) and USAA (through the tender of the stacked policy limits). Rather, they contest the circuit court's ruling that *Beth* is not entitled to any additional payments from either insurer, because her loss-of-consortium claim was included in the "each person" policy limit already received. We find this argument cuts against precedent and lacks merit. Under the policy's clear language and this Court's precedent, Beth simply cannot receive beyond the "each person" limit.

### I. Clear Policy Language

¶12. "When the words of an insurance policy are plain and unambiguous, the Court will afford them their plain, ordinary meaning and will apply them as written." *Robichaux*, 81 So. 3d at 1036. Both policies specify that policy limit for "each person" includes *any*

person's claim based on *one* person's bodily injury. In fact, the Progressive policy lists "loss of consortium" as a derivative claim that falls under the each-person policy limit for the person who was bodily injured.[1] And the USAA policy makes clear the maximum limit for any *one* person's bodily injury includes all "derivative or consequential damages recoverable by any person."[2] In other words, the each-person policy limit is based on the number of persons who suffer bodily injury in the accident, not the number of insureds making claims.

¶13. Twice when interpreting similar policy language, this Court has reached the exact same conclusion—that to recover more than the "each person" limit for one person, there must be more than one person who sustained bodily injury during the accident. ***State Farm***

---

[1] The Progressive policy provided:

> The "each person" limit of liability includes the total of all claims made for bodily injury to an insured person *and all claims of others derived from such bodily injury, including, but not limited to*, emotional injury or mental anguish resulting from the bodily injury of another or from witnessing the bodily injury to another, loss of society, loss of companionship, loss of service, *loss of consortium*, and wrongful death.

(Emphasis added.)

[2] Similarly, the USAA policy stated:

> A.    If the uninsured motor vehicle is not your covered auto:
>
> 1.    For BI [(i.e., "bodily injury")] sustained *by any one person in any one accident*, our maximum limit of liability for all resulting damages, including but not limited to, all direct, derivative or consequential damages recoverable *by any persons*, is the limit shown in the Declarations page under any one vehicle for UMBI Coverage for "each person" multiplied by the number of premiums . . . .

(Emphasis added.)

*Mut. Auto. Ins. Co. v. Acosta*, 479 So. 2d 1089, 1090-91 (1985); *Old Sec. Cas. Ins. v. Clemmer*, 455 So. 2d 781, 782 (Miss. 1984). Beth was not with Richard during the crash. Richard was the only person who sustained bodily injury in the accident with Brashier. So Beth's loss-of-consortium claim falls under the each-person policy limit for Richard's bodily injury.

## II.     Inapposite Versus Dispositive Cases

¶14.     Still, the Rylees insist they are entitled to more than one each-person policy limit. To support their theory, they rely on two cases, *Coho Resources v. McCarthy*, 829 So. 2d 1 (Miss. 2002), and *Pearthree v. Hartford Accident & Indemnity Co.*, 373 So. 2d 267 (Miss. 1979). But neither of these cases considered the "each person" policy limit.

¶15.     *McCarthy* dealt with the burden of proof for a loss-of-consortium claim. *McCarthy*, 829 So. 2d at 20-23. There, the wife presented no evidence about how her husband's injuries affected her relationship with him. Instead, she merely relied on evidence of her husband's pain and suffering to make her loss-of-consortium claim. We held such evidence was insufficient because "[a] cause of action accruing to a party for loss of consortium is separate and distinct from that party's spouse suffering personal injury." *Id.* at 22.

¶16.     The Rylees latch onto the phrase "separate and distinct." They argue a loss-of-consortium claim cannot be both "separate and distinct" and "derivative." As they see it, *McCarthy* is inconsistent with *Acosta*. But a quick review shows these two cases are not inconsistent. In *McCarthy*, we held that, to prove his or her "separate and distinct" cause of action, "[t]he spouse seeking compensation for loss of consortium must show that he or she

6

suffered damages *arising out of the other's injuries.*" **McCarthy**, 829 So. 2d at 22 (emphasis added). So according to **McCarthy**, a loss-of-consortium claim is both "separate and distinct" and derivative. It requires the claimant prove separate and distinct damages that derive from, or arise out of, the nonclaimant's bodily injuries.

¶17. Put another way, **McCarthy** actually confirms—rather than rejects—that Beth has no loss-of-consortium claim without her husband Richard's bodily injury. Thus, her claim is derivative. So it fell under the each-person policy limit for Richard's bodily injury.

¶18. The other case the Rylees cite, **Pearthree**, dealt with who is an "insured." **Pearthree**, 373 So. 2d at 271. There, the policy in question defined an "insured" to include "[a]ny person with respect to damages he is entitled to recover because of bodily injury . . . sustained by an insured." *Id.* Based on this broad language, we held that the daughter of the deceased insured was an "insured" because she was entitled by statute to maintain a wrongful-death action. *Id.*

¶19. Relying on **Pearthree**, the Rylees argue, because Beth was an "insured" on the USAA policy, she is entitled to her own separate each-person policy limit for her loss-of-consortium claim. But in **Acosta**, the wife of the man injured in the wreck was also a named insured. Still, we found it was error to give the wife her own each-person limit "*because she sustained no bodily injury.*" **Acosta**, 479 So. 2d at 1090 (emphasis added). Again, the controlling question is not the number of insureds making claims but rather the number of persons on whose bodily injury the claims are based. And we have held that if that number is one, then recovery is limited to one "each person" policy limit. *Id.*

¶20. The Fifth Circuit relied on *Acosta*'s holding to reject an argument just like the Rylees'. ***Reid v. State Farm Mut. Ins.***, 784 F.2d 577 (5th Cir. 1986). There, a husband argued, because under ***Pearthree*** he was an "insured," he was entitled to his own separate policy limit for his loss-of-consortium claim. ***Reid***, 784 F.2d at 578-79. But the Fifth Circuit found ***Pearthree*** did not control—***Acosta*** and ***Clemmer*** did. Applying ***Acosta*** and ***Clemmer***, the court held the husband's loss-of-consortium claim was included in the policy limit for damages resulting from the wife's bodily injury. ***Reid***, 784 F.2d at 579-80. Thus, the Fifth Circuit affirmed the dismissal of the husband's claim he was entitled to a separate "each person" policy limit. ***Id.*** at 580.

¶21. The same is true here. ***Acosta*** and ***Clemmer***—not ***Pearthree*** or ***McCarthy***—control. And just like the policies in those cases, the policies in this case clearly state that Beth's loss-of-consortium claim fell under the policy limit for damages resulting from Richard's bodily injury. Because the Rylees have already received full policy limits for damages resulting from Richard's bodily injury, the circuit court properly dismissed both insurers on summary judgment.

¶22. **AFFIRMED.**

**WALLER, C.J., RANDOLPH, P.J., KITCHENS, KING, COLEMAN, BEAM AND CHAMBERLIN, JJ., CONCUR. DICKINSON, P.J., NOT PARTICIPATING.**

8